# Cofer *v.* Reinschmidt.

*Action by Attachment; Claim; Certiorari.*

1. *Certiorari; effect of on claim suit which was not disposed of in court below.*—In an attachment suit before a justice of the peace, if claim is interposed, and judgment is rendered against the defendant in attachment condemning the property levied on and claimed, without disposal of the claim suit as required by our statutes; and the claimant carries the case to the circuit court by certiorari, the entire judgment is annulled, and the cause stands in the circuit court for trial *de novo* as if appeal had been taken both from a judgment against the defendant and a judgment against the claimant.

2. *Trial of the right of property; issue and burden of proof.*—As between the plaintiff and the claimant in an action to try the right of property levied on by attachment to enforce a lien for rent, the issue is whether the property on which the writ of attachment is levied is the property of the defendant in attachment upon which the plaintiff has a lien for the rent

sued for; and the burden is on the plaintiff to prove these facts.

3. *Trial of right of property; not an original suit.*—The trial of the right of property is not an original suit; it is statutory and consequential in its nature, depending for its existence on another action. When the claim affidavit is made the plaintiff in the original suit becomes the actor in the claim suit, and must prove his right to maintain the suit by showing his right to the process he has sued out and the levy he has caused to be made. Hence, the claimant may defeat recovery by the plaintiff by proving that the process is void, or that for some legal cause the plaintiff cannot further proceed against the defendant in the original action.

4. *Claim suit; when abated.*—If an attachment suit is pending in the circuit court connected with which a claim suit is also pending, and the defendant in attachment dies, and the cause is not revivd in eighteen months against his personal representatives, the claimant can plead the death of the defendant and the failure to revive, in abatement of the claim suit—it being impossible to obtain judgment against defendant in attachment, without which the plaintiff cannot recover the property attached from the claimant.

APPEAL from the Circuit Court of Cullman.
Tried before the Hon. H. C. SPEAKE.

Daniel Reinschmidt sued out a writ of attachment before a justice of the peace against W. F. Griffin to recover rents claimed to be due to him by the defendant. W. T. L. Cofer interposed a claim to the property levied on, gave bond and took the property in possession. In the justice court judgment was rendered against the defendant in attachment condemning the property for its satisfaction, without trying the right of property or entering judgment therein. The claimant obtained a writ of certiorari and carried the case to the circuit court. Before trial had in that court the defendant in attachment died, and the cause was not revived against his personal representatives. After eighteen months from the death of the defendant the cause against the claimant was called and he interposed a plea in abatement, alleging the death of the defendant and the failure to revive in eighteen months. Plaintiff demurred to this plea and the demurrer was sustained and judgment rendered for plaintiff. Reversed.

J. D. BROWN, for appellant.—The rendition of judgment against the defendant in attachment is necessary to the obtaining of a final judgment in a claim suit connected with it.—*Jackson v. Bain,* 74 Ala. 328; *Rhodes v. Smith,* 66 Ala. 174; *Abraham v. Nicrosi,* 87 Ala. 178; *Moore v. Dickerson,* 44 Ala. 485.

No brief for appellee came to the reporter.

TYSON, J.—This appeal is prosecuted by the claimant from a judgment rendered against him in the circuit court in a claim suit for the trial of the right of certain personal property levied upon by a writ of attachment sued out by the plaintiff against the defendant in attachment for the enforcement of a lien for rent alleged to be due to the defendant as his tenant. The attachment and claim suits originated in a justice court and were tried there at the same time and only one judgment was rendered by the justice. It appears from his judgment entry that after ascertaining that the defendant was in default, he proceeded to judgment against him by default and then condemned the property to the satisfaction of plaintiff's writ of attachment presumably against the claimant. We say presumably for the reason that it does not appear from his transcript of the proceedings in the case that the claimant was present and litigated with the plaintiff the question of their respective claims to the property. It does appear that this must have been true for the reason, that the bond of the claimant was declared forfeited by the officer as required by section 3368 of the Code of 1886. After the five days had elapsed within which the claimant could prosecute his appeal from this judgment, the claimant sued out a writ of *certiorari* under the statute for the purpose of having the trial and judgment of the justice of the peace annulled and the cause removed to the circuit court and there tried *de novo.*

The first question presented for decision arises upon the rulings of the court upon the sufficiency of the claimant's plea in abatement alleging the death of the defendant in attachment since the suing out of the writ of *certiorari,* and the failure to revive the suit against

his personal representative within eighteen months after his death as required by section 2603 of the Code of 1886. Independent of the effect of the action of the justice in trying the attachment suit against the defendant before or contemporaneously with the trial of the claim suit upon the judgment rendered by him in violation of the mandate of the statute requiring the claim suit to be first tried (Code 1886, § § 3012, 3013; *Abraham v. Nicrosi,* 87 Ala. 178), the writ of *certiorari* operated, under the peculiar facts of this case, to annul the entire judgment and to transfer the causes to the circuit court to be tried *de novo,* just as an appeal in each would have done.—3 Brick. Dig. 591, § 42.

As between the plaintiff and the claimant the issue to be tried was whether the property upon which the writ of attachment was levied, was the property of the defendant in attachment upon which the plaintiff had a lien for rent and leviable to the satisfaction of the writ of attachment, and the burden was upon the plaintiff to establish these facts.—Code 1886, § § 3005, 3006, 3012; see also Code 1896 and authorities noted under it. As said in *Seisel & Co. v. Folmar & Sons,* 103 Ala. 494, "It is a controlling principle in the statutory trial of the right of property, levied upon by attachment or execution, that the claimant must recover on the strength of his own title; not because of the weakness or want of title in the defendant in the process." Nor can the plaintiff be permitted to recover upon the weakness of the title of the claimant, unless he shows the property to be the property of the defendant, and subject to his attachment and, in the case under consideration, the additional fact that he had a lien upon it for rent due him by the defendant. It was a matter of no concern to him if he had no lien as landlord, whose property it was, if it did not belong to the defendant.—*Dryer v. Abercrombie,* 57 Ala. 497; *Allison v. Pattison,* 96 Ala. 159.

We have stated the issues for the purpose of determining the inquiry here involved as it grows out of the nature and character of a claim suit under our statutes. It has its origin in the making of an affidavit by a stranger to the writ of attachment or other process levied upon personal property, claiming the property

and giving a bond payable to the plaintiff in the writ conditioned to deliver the property for the satisfaction of the plaintiff's claim, if it be found liable therefor.— Code 1896, § 4141, (Code 1886, § § 3004, 3012, 3014, 3365) ; *McAdams v. Beard and Henderson,* 34 Ala. 478; *Lassiter v. The State for use etc.,* 106 Ala. 292. After the making of the affidavit and the giving of the bond, the plaintiff in the process becomes the actor, and, as we have said, on him rests the burden of proving the affirmative fact asserted by the levy of the process and in case of attachment to enforce a statutory lien, the existence of that lien and of necessity a valid debt against the defendant in attachment. As said by Walker, C. J. in *McAdams v. Beard,* "The trial of the right of property, under our statutes is a proceeding altogether *sui generis.* There is no precedent for it known to us in the English law." It is not an independent suit, but derives its existence out of the pendency of the attachment suit. Without the issue and levy of the writ of attachment, no such suit could possibly come into being. As said in the case of *Jackson v. Bain,* 74 Ala. 328, "Soon after the attachment was levied, Bain, the appellee, interposed a claim to the property levied on. He filed his affidavit of ownership and executed the necessary claim bond to institute the statutory action, known in our jurisprudence as a *trial of the right of property.* This is not an independent suit which parties may inaugurate in the first instance. It is statutory and consequential in its nature." Proceeding with a discussion of other questions not necessary here to note, the learned justice, after showing the burden of proof to be upon the plaintiff, said further: "The attachment in this case being void, it had no greater validity than if no attempt had been made to issue it. The claimant can take advantage of it, because it is void—not merely irregular. He can take advantage of it, because it is the first and fundamental evidence of plaintiff's right, without which he cannot recover. Being void, the first step cannot be taken, in showing a *prima facie* right of recovery. He falls before he reaches the adversary's out-works." If his writ be regular what becomes of his attack upon his adversary should it be shown that he

has no valid enforceable demand to support his lien against the defendant in attachment at the time of the trial? Suppose the defendant had paid his rent to the plaintiff after the institution of the claim suit or suppose the plaintiff had dismissed his attachment against the defendant after the institution of the claim suit? We do not apprehend there can be a serious controversy that if either of these supposititious facts had actually existed, that the claimant could invoke either of them to defeat the suit against him. The claim suit being consequential and dependent upon the main, independent attachment suit, can no more stand unsupported and alone than it could have come into being without the previous and contemporaneous existence of the attachment suit. Besides the statute (Code 1886, § 3013) expressly provides that "when property levied on under an attachment and delivered to claimant, is not by the claimant delivered to the sheriff within thirty days after judgment against him, the sheriff must return the bond forfeited; and upon the *recovery of judgment* by the planitiff against the defendant in attachment, execution must be issued upon such forfeited bond within the time required for the issue of executions on judgments." It is too clear from this language, to require argument, that even though there is a judgment against the claimant he cannot be required to deliver the property, under the conditions of his bond, until the plaintiff had obtained a judgment against the defendant. This, of course, could not be done if he is dead, without a revivor of the attachment against his personal representative within eighteen (now twelve) months after his death.

These considerations to our mind are conclusive that the claimant had the right to interpose the defense, that the action had abated as against him on account of the failure of the plaintiff to revive the attachment suit within the period prescribed by the statute against the personal representative of the defendant.

There are many other assignments of error based upon the rulings of the court upon the introduction and exclusion of evidence during the trial to which exceptions were reserved by the claimant, but as the point

17

upon which the cause is reversed, is conclusive against the right of plaintiff to further prosecute the suit, if it is a fact that the defendant has been dead for more than eighteen months, we do not think it necessary to review them.

Reversed and remanded.