## *Ex Parte* Edwards.

### *Mandamus*

(Decided May 15, 1913.    62 South. 775.)

1. *Divorce; Decree; Collateral Attack.*—Where the court had jurisdiction of the proceedings and the parties, and rendered a decree of divorce upon proof of the alleged ground for the divorce, such decree cannot be collaterally attacked, even if collusively obtained.

2. *Same; Leave to Remarry.*—The allowance of leave to remarry rests entirely in the discretion of the Chancellor, and where the court had jurisdiction of the subject matter and of the parties, and granted a divorce on proof of the grounds therefor, so much of the decree as allowed the respondent to remarry could not be collaterally attacked even if collusively obtained.

3. *Same; Almony; Question for the Court.*—While the question, under the disputed fact of the validity of the marriage between the parties should have been determined by the court, the equity of the wife's application for an allowance depending thereon, yet the inquiry

as to the amount of the allowance was properly referred to the register, but where the evidence as to the validity of the marriage was reported to the court by the Register, and was questioned by exception to the Register's report, the respondent had nothing of which he could complain.

4. *Same; Maintenance; Amount.*—Where a wife's marriage to the alleged husband is prima facie established, she is entitled as a matter of legal right to some provision for her maintenance, pending the suit, and to an allowance for attorney's fees; it does not follow, however, that because the husband's means are large that the allowance for maintenance should be large; in determining that matter, the court should consider the wife's character, means, ability to earn a livelihood, and possible complications arising in the proceedings.

5. *Same; Modification.*—Where future developments indicate the propriety of a change, allowances for maintenance and for counsel fees made in conformity with the ruling of this court, may be changed by the Chancellor.

6. *Mandamus; Interlocutory Order; Remedy.*—In cases to compel the vacation of an interlocutory order in a divorce proceedings, mandamus serves the purpose of an emergency appeal, and appellant may have what relief he shows himself entitled to, though, in his application for the writ, he seeks more than he is entitled to.

ORIGINAL petition in the Supreme Court.

Petition by G. B. Edwards for mandamus directed to the Hon. J. C. B. Gwin, judge of the city court of Bessemer, to require him to vacate and set aside an order and decree affirming or confirming the report of the special master granting to Maggie Edwards alimony and solicitor's fees, and adjudging that petitioner and Maggie Edwards were legally married. Mandamus awarded.

PERRY & BAUMGARDNER, and THETFORD & McKENZIE, for appellant. Mandamus is the proper remedy.—144 Ala. 414. A prima facie case has been made for the issue of the rule nisi. The court cannot rid itself of the burden of determining the principal equities involved on which is based the allowance.—1 Barbour's Chan. 468; Sims Ch. 394. In determining the question of allowance the court must take into consideration the means of the wife and her ability to earn a livelihood,

and will not allow fees or maintenance where the wife has an ample separate estate.—*Rast v. Rast,* 113 Ala. 322; *Bulke v. Bulke,* 55 South. 490; 14 Cyc. 752-4, and authorities supra. The testimony of the wife discloses that the alleged divorce between herself and her husband was procured and rendered by collusion and fraud existing between them, and courts do not permit a dissolution of the marriage relation by consent or collusion.—*Powell v. Powell,* 80 Ala. 595; *Ribet v. Ribet,* 39 Ala. 348. Hence, there was no valid marriage between petitioner and defendant, and he was not liable for maintenance or solicitor's fees.—*Ex parte Jones,* 172 Ala. 187. The former proceedings may be attacked in this proceeding.—*Ingram v. Ingram,* 143 Ala. 129.

GIBSON & DAVIS, and PINKNEY SCOTT, for appellee. The case presented does not make out the relief sought. —*Ex parte Jones,* 53 South. 261; s. c. 55 South. 491; *Wilkerson v. Wilkerson,* 133 Ala. 382.

SAYRE, J.—We are not much impressed with the idea that complainant in the court below will be entitled to relief, either by way of divorce or by way of an annulment of his marriage with defendant, on any ground alleged in his bill, though that will remain an open question until the final decree shall be rendered. We state our impression, for the reason that complainant's denial of the lawfulness of his marriage with defendant and defendant's application for allowances pendente lite made it necessary in the court below to determine provisionally the question of marriage vel non between the parties.

The decree by which defendant was divorced from one of her former husbands may have been collusively obtained; that is, there may have been an understand-

ing that no defense would be interposed, and that the defendant there should be allowed to marry again. But the court there had jurisdiction of the subject-matter and of the parties, and for aught appearing, the ground of divorce there set up existed, and was proved by trustworthy testimony. As for the decree allowing the defendant to marry again, that rested entirely in the chancellor's discretion, and neither that nor the decree of divorce can now be assailed collaterally on any ground so far taken against them. *Harrison v. Harrison,* 19 Ala. 499; 14 Cyc. 723.

The essential equity of the wife's application for allowances depended upon the disputed validity of the marriage between the parties. This question then should have been determined by the court, though the inquiry as to the amount of the allowances to be made was properly referred to the register. However, the evidence as to the main fact was reported to the court by the register, and, on exceptions, the court properly adjudged the fact. In this there was nothing of which the petitioner in this proceeding can complain.

As the case appears to us, defendant has no great claim on the court's consideration in respect to the allowances claimed by her. But we do not propose to engage in an uncomplimentary discussion of the affairs of these people. Defendant, her marriage with complainant having been established prima facie, is entitled as of legal right to some provision for her maintenance pending the suit, and probably, also, she should have an allowance to aid her in the employment of counsel. But it does not follow that because complainant's means are large the allowances to defendant should be large. The court should consider what manner of woman she appears to be, her means, her ability to earn a livelihood, and what promise of complication the pro-

ceeding holds. *Bulke v. Bulke,* 173 Ala. 138, 55 South. 490. In the circumstances of these parties, we are of opinion that an allowance of $50 a month for maintenance and $100 for her counsel would be proper. Allowances made in conformity with the view we hold at this time may be changed by the chancellor if the litigation should persist and future developments shall indicate the propriety of a change. *Ex parte Jones,* 172 Ala. 186, 55 South. 491.

Mandamus in cases of this character serves the purpose of an emergency appeal. Appellant may have what relief he shows himself entitled to, though in his application for the writ he sought too much. A writ of mandamus will issue requiring a decree in the court below to accord with the views we have expressed, unless the chancellor upon being informed of our conclusion shall make such decree without the writ.

Mandamus awarded. All the Justices concur, except DOWDELL, C. J., not sitting.