(105 So. 647)

### Ex parte HILTON. (6 Div. 425.)

(Supreme Court of Alabama. June 11, 1925. Rehearing Denied Oct. 22, 1925.)

**1. Mandamus ⚖️176—Application for mandamus serves as emergency appeal to review decree fixing alimony in divorce action.**

Application for writ of mandamus to compel vacation of decree fixing allowance of alimony pendente lite in divorce action serves as an emergency appeal to review the decree.

**2. Divorce ⚖️64—Evidence held not to warrant finding that there had been effort to confer jurisdiction in divorce action on courts of this state.**

Where there was no reason to doubt bona fides of complainant's residence in action for divorce in this state, except that she left domicile of her husband and made her residence in this state for length of time prescribed by statute, it was insufficient to warrant a finding that there had been a fraudulent effort to confer jurisdiction on courts of this state.

**3. Mandamus ⚖️172—Complainant's case as to domiciliary status required to be accepted on petition for mandamus to review decree awarding alimony in divorce action.**

On application for mandamus to review decree awarding temporary alimony in divorce action, complainant's case, not yet adjudicated, that she was driven from petitioner's home in another state by his cruelty, and required to seek a home and means of livelihood elsewhere, must be accepted, and complainant treated as a bona fide litigant in courts of this state.

**4. Divorce ⚖️65—Decree of divorce where defendant voluntarily appears and answers will conclude parties everywhere.**

Where action for divorce is instituted and decree obtained in state of plaintiff's domicile, and defendant voluntarily appears and answers, decree is valid both in rem and in personam, and will bind and conclude parties everywhere.

**5. Divorce ⚖️1—State may render decrees of divorce and for auxiliary relief enforceable within its jurisdiction.**

A state can control marital status of its own citizens according to its own laws, and may render decrees of divorce and auxiliary relief enforceable within its jurisdiction.

**6. Divorce ⚖️326—Whether divorce decree valid in foreign jurisdiction to be determined by court thereof.**

Whether a divorce decree rendered in this state will be valid in a foreign jurisdiction is a matter for determination of courts of such jurisdiction.

Original petition by Robert Lee Hilton for mandamus to Hon. William M. Walker, as Judge of the Circuit Court of Jefferson County. Writ denied.

M. B. Grace, of Birmingham, for petitioner.

The courts of a foreign state acquire no jurisdiction of the marital res or status of a marriage solemnized in South Carolina. McCreery v. Davis, 44 S. C. 195, 22 S. E. 178, 22 L. R. A. 655, 51 Am. St. Rep. 794; Perkins v. Perkins, 225 Mass. 82, 113 N. E. 841, L. R. A. 1917B, 1028; Hood v. Hood, 11 Allen, 196, 87 Am. Dec. 709; Burlen v. Shannon, 115 Mass. 438; Levin v. Levin, 68 S. C. 123, 46 S. E. 945; Haddock v. Haddock, 201 U. S. 562, 26 S. Ct. 525, 50 L. Ed. 867, 5 Ann. Cas. 1; Barber v. Barber, 21 How. 582, 16 L. Ed. 226. A decree for temporary alimony is not a judgment which may be enforced in the courts of other states. Lynde v. Lynde, 181 U. S. 183, 21 S. Ct. 555, 45 L. Ed. 810; Ex parte Edwards, 183 Ala. 659, 62 So. 775; Ex parte Whitehead, 179 Ala. 652, 60 So. 924; Lynde v. Lynde, 55 N. J. Eq. 591, 39 A. 1114; Lynde v. Lynde, 162 N. Y. 405, 56 N. E. 979, 48 L. R. A. 679, 76 Am. St. Rep. 332.

G. M. Edmonds, of Birmingham, for respondent.

The defendant having voluntarily appeared, the decree is valid. Crim v. Crim, 211 Ala. 13, 99 So. 301; 19 C. J. 345; Lynde v. Lynde, 181 U. S. 183, 21 S. Ct. 555, 45 L. Ed. 810; Harrison v. Harrison, 19 Ala. 491; McFadden v. McFadden, 134 Ala. 337, 32 So. 719; Cheever v. Wilson, 9 Wall. 108, 19 L. Ed. 604. The proceeding for a divorce may be instituted where the wife has her domicile. 2 Bishop, M. & D. 475; Ditson v. Ditson, 4 R. I. 87. A decree for alimony pendente lite can be enforced in other states. Schouler on Div., Sep. and Dom. Rel. § 1862; Ex parte Eubank, 206 Ala. 8, 89 So. 656; Ford v. Ford, 201 Ala. 519, 78 So. 873.

SAYRE, J. [1] Petitioner's wife, Lillian Clyde Hilton, filed her bill on the equity side of the circuit court of Jefferson alleging that she was a bona fide resident of this state, and praying, on grounds stated, for a decree of divorce from petitioner in this cause, a resident of the state of South Carolina, for the custody of their children, for permanent alimony, for alimony pendent lite, and for an allowance on account of attorney's fee. The defendant in that cause appeared personally and made defense. On complainant's motion a reference was ordered for the ascertainment of alimony pendente lite and an attorney's fee, and, in due course, a decree was entered fixing such allowances. Petitioner's application for the writ of mandamus serves as an emergency appeal to review the decree. Ex parte Edwards, 183 Ala. 659, 62 So. 775. Petitioner does not question the propriety

of the awards so far as concerns the amount thereof. His argument is directed to the proposition that the court had no jurisdiction to render the decree—this, because the matrimonial domicile of the parties was in South Carolina, and because, as he alleges, complainant is not a bona fide resident of this state, having come here for the sole purpose of prosecuting her suit for a divorce.

[2, 3] There appears no reason to doubt the bona fides of complainant's residence in this state save only the fact that she left the domicile of petitioner, and has, ostensibly at least, maintained her residence in this state for the length of time prescribed by the statute as a prerequisite to a suit for divorce, and this, of course, will not warrant a finding that there has been a fraudulent effort to confer jurisdiction on the courts of this state. Complainant's case, not yet adjudicated, is that she was driven from petitioner's home in South Carolina by his cruelty, and was under necessity to seek a home and means of livelihood elsewhere, and this interpretation of her domiciliary status, on the case thus far developed, must be accepted and complainant treated as a bona fide litigant in the courts of this state.

[4-6] Whatever may have been the status of the case between the parties to the suit for divorce, and whatever may have been the authority of decrees rendered had petitioner not appeared in defense, the authorities sustain the following text which we quote from 19 C. J. p. 375, § 843:

"Where, however, the action [for divorce] is instituted and the decree obtained in the state of plaintiff's domicile, and defendant voluntarily appears and answers, the decisions are agreed that a decree in such case is valid, both in rem and in personam, and will bind and conclude the parties everywhere."

This state has an undoubted right to control the marital status of its own citizens according to its own laws, and, such being the case, may render decrees of divorce and for auxiliary relief enforceable within its jurisdiction. Maynard v. Hill, 125 U. S. 190, 8 S. Ct. 723, 31 L. Ed. 654. What may be the fate of the decree of which petitioner complains when the effort is made to enforce it in another jurisdiction it would be useless for us to inquire. That will be a matter for the determination by the court of the foreign jurisdiction. Haddock v. Haddock, 201 U. S. 562, 26 S. Ct. 525, 50 L. Ed. 867, 5 Ann. Cas. 1; Lynde v. Lynde, 162 N. Y. 405, 56 N. E. 979, 48 L. R. A. 679, 76 Am. St. Rep. 332.

The decree complained of is free from error, and the writ of mandamus must be denied.

ANDERSON, C. J., and GARDNER, MILLER and BOULDIN, JJ., concur.