141 So. 659

### Ex parte McDERMOTT.
### MORRIS v. McDERMOTT et al.
### 8 Div. 343.

Supreme Court of Alabama.
March 24, 1932.

Rehearing Denied May 26, 1932.

W. H. Long, of Decatur, for appellees.

E. W. Godbey, of Decatur, for appellant.

KNIGHT, J.

One G. L. Morris filed suit in a justice of the peace court of Morgan county against M. E. Bowen, Ben McDermott, and A. A. Bowen, in which he sought to recover damages against the named defendants for breach of an injunction bond executed by them. It appears that the said Ben McDermott, in signing this bond, did so as a surety for the defendant M. E. Bowen. Summons was issued by J. M. Minor, the justice of the peace, on the 30th day of December, 1930, and the following return as to the execution of this process was made thereon:

"I have served a copy of the within summons to Ben McDermott, one to A. A. Bowen, one to M. E. Bowen, this the 30th day of Dec. 1930.

"B. P. Roberts, Deputy Sheriff."

On the 10th day of January, 1931, judgment was rendered by the justice of the peace against all three defendants; the judgment reciting that the defendants Bowen were present, but that McDermott "being called came not."

Thereafter, on the 17th day of January, 1931, the said M. E. and A. A. Bowen presented to Hon. W. T. Lowe, judge of the Morgan county court, their petition in writing and duly verified, praying for the issuance by said judge of a statutory writ of certiorari, alleging that they had, within the time allowed for taking an appeal, presented an appeal bond with proper sureties to said justice of the peace, but which he would not approve, and further alleging that they had "a good and lawful defense to the suit." On the same day this petition was filed, Judge Lowe granted the petition, and, after the required bond had been executed and approved by the clerk, the clerk issued the writ, commanding the justice of the peace to send up to the next session of the Morgan county court, the judgment rendered in said cause, with all things touching the same as they remained in his office. This writ was executed by the sheriff on January 19, 1931. On January 24, 1931, Mr. Minor, the justice of

the peace, complied with the terms of the writ by certifying the proceedings in his court in said cause to the Morgan county court. There the cause was pending and undetermined at the time of the taking of the appeal in this cause.

While the cause was thus pending and undetermined in the county court, the justice of the peace undertook to issue a writ of garnishment on the judgment as against the defendant McDermott, directed to the Louisville & Nashville Railroad Company, seeking to reach and recover on the judgment an indebtedness of that company to defendant McDermott. Then it was that this appellant filed with Judge Lowe his petition, reciting all the facts in the case, and the issuance theretofore of the statutory writ of certiorari, and the removal of the cause to the county court. The prayer of this petition as originally filed was: "Premises considered, petitioner prays that the court will make an order commanding the said J. M. Minor to suspend all proceedings on said judgment by way of garnishment or otherwise until the further order of the court, and that the court try the said cause as to this petitioner, as well as the other parties de novo, to the end that right and justice may be done in said certiorari cause, no. 2320 on the docket of this court; and will grant petitioner any further relief to which he may show himself entitled."

Upon the filing of this verified petition with the judge of the court, he directed the issuance by the clerk of notice to the justice of the peace commanding him to stay all further proceedings on the judgment in the foregoing petition referred to, by way of garnishment or otherwise, until the further order of the court.

The petitioner McDermott subsequently, but before the hearing thereon, amended his petition by striking therefrom section 9 thereof, and by striking from the prayer the following portion thereof, to wit: "And that the court try the said cause as to this petitioner, as well as to the other parties, de novo, to the end that right and justice may be done in said certiorari cause No. 2320 on the docket of this court; and will grant petitioner any further relief to which he may show himself entitled." And petitioner further amended his petition by alleging that "the justice of the peace never had jurisdiction of this defendant, for that this defendant never appeared in said court," and the only service upon him of the summons and complaint is shown by a return as follows: "I have served a copy of the within summons to Ben McDermott, one to A. A. Bowen, one to M. E. Bowen this 30th day of Dec. 1930. R. P. Roberts, Deputy Sheriff." And petitioner further amended his petition by adding to the prayer the following: "Also that said proceedings before the justice of the peace be quashed and annulled, and petitioner granted such other relief as may be proper."

The above amendments are made in one paper filed in the cause on August 12, 1931. No other amendment in writing appears in this record, but the judgment entry on this petition, from which this appeal is taken, after reciting that the petitioner by leave of the court had amended his petition, which is shown by amendment on file, and which specifically refers to the amendment just heretofore mentioned in the opinion, then recites "that by leave of the court, petitioner further amends his petition, as last amended, by striking therefrom section 4, and certain parts of the prayer thereof, to-wit, that said judgment be annulled, vacated," etc. While in the record there appears no such amendment, yet the judgment entry speaks absolute verity, and no mention is made in brief of appellant of this last amendment recited in the judgment entry.

Numerous grounds of demurrer were assigned by the plaintiff, G. L. Morris, to the petition. Upon the hearing of the petition on demurrer, the court sustained the same, and disallowed and denied the petition, and taxed the petitioner with the cost.

In the case of Smith et al. v. Summers et ux., 215 Ala. 690, 112 So. 344, 345, it was said: "Under section 8777 of the Code, providing that 'any party may appeal from any judgment rendered against him before a justice of the peace to the circuit court,' any one of several joint defendants may individually appeal, and the cause be removed and retried as to him alone. Phillips v. Holmes, 165 Ala. 250, 253, 51 So. 625. Hence the circuit court acquired jurisdiction of the attachment suit on Mrs. Summers' appeal and rendered a valid judgment in her favor, to the complete nullification of the adverse judgment in the justice's court." In this case there were two defendants, but only one, Mrs. Summers, appealed.

In the case of Cofer v. Reinschmidt, 121 Ala. 252, 25 So. 769, 770, which was a case carried by certiorari from a justice court to the circuit court, it was held that, "independent of the effect of the action of the justice in trying the attachment suit against the defendant before, or contemporaneously with, the trial of the claim suit upon the judgment rendered by him, in violation of the mandate of the statute requiring the claim suit to be first tried (Code 1886, §§ 3012, 3013; Abraham v. Nicrosi, 87 Ala. 178, 6 So. 293), the writ of certiorari operated, under the peculiar facts of this case, to annul the entire judgment, and to transfer the

causes to the circuit court to be tried de novo, just as an appeal in each would have done."

In the case of Wheeles v. New York S. D. Works, 129 Ala. 393, 29 So. 793, 794, a claim had been interposed by one Z. D. Frazier to property levied upon by the constable. There, in the justice court, an issue was made up between plaintiff in the suit and the claimant, and, upon this issue alone, judgment was rendered in favor of the claimant. Plaintiff appealed from this judgment in favor of claimant to the city court of Birmingham. There had been no trial of the main suit in the justice court. In the city court, there was another trial of the claim suit; this time resulting in a judgment for plaintiff. The plaintiff, over plea and insistence of the defendant, had judgment against defendant in the city court, on the main suit, and from that judgment appeal was taken to this court. It was there held that: "A claim suit is not an independent suit, in the sense that it may, in the first instance, be inaugurated as such; but it is, under the statute, consequential or collateral to the main suit against the defendant in attachment. Jackson v. Bain, 74 Ala. 328; Cofer v. Reinschmidt, 121 Ala. 252, 25 So. 769. Yet as between the immediate parties to it,—the plaintiff and the claimant, —it is distinct and independent to the main suit between the plaintiff and defendant in attachment, with distinct and independent issues. Gray v. Raiborn, 53 Ala. 40." And further this court in the Wheeles Case, supra, observed: "A proper judgment [in the city court] followed, condemning the property levied on to the satisfaction of such judgment as might thereafter be rendered in favor of the plaintiff against the defendant. Tobias v. Triest [Treist], 103 Ala. 665, 15 So. 914. This was as far as the city court could go. It had no jurisdiction of the defendant in the main suit. The case of the plaintiff against the defendant in attachment, was not, by the appeal to the city court, carried into that court, but remained in the justice's court, to await the determination of the claim suit in the city court, and whether or not the plaintiff,—the claimant having been cast by the judgment of the city court,—was entitled to judgment in the main case against defendant, was a matter for the adjudication in the justice's court, in the first instance. The case of Cofer v. Reinschmidt, supra, is not in conflict with what we here announce. That case is distinguishable from this, in the fact, that there, the main case and the claim suit were tried together,—a very anomalous procedure,—and a joint judgment was rendered against the claimant and the defendant, and it was held that an appeal by the claimant from that judgment carried the case into the circuit court, to be tried de novo, just as an appeal in each case would have done."

We are of the opinion, and so hold, that the effect of the issuance of the writ of statutory certiorari by the judge of the county court of Morgan county was to carry, and did carry, the entire case as to all defendants into that court for trial de novo, and it did annul and completely extinguish the judgment rendered in said cause by the justice of the peace. In obedience to said writ of certiorari, the justice did certify and transmit the record in said cause to the Morgan county court. With this act completed, the justice lost all control and jurisdiction over said cause. His judgment had been completely annulled, and he was without jurisdiction, or authority, to make or issue any further orders in the cause. His attempt to proceed against the defendant McDermott was wholly unauthorized. The action, or attempted action, of the justice in the then status of the case, was without warrant of law and void. Commissioners' Court of Lowndes County v. Hearne, 59 Ala. 371.

The judge of the Morgan county court, in which court the cause was then pending, should have issued, upon the petition of appellant, his proper order to the justice to annul his garnishment orders entered against McDermott, and should have ordered the justice to suspend all proceedings in the cause until the further orders of the Morgan county court, and in failing to do so committed error.

Inasmuch as we hold that the entire cause, as to all defendants, was transferred to the Morgan county court, and inasmuch as the petitioner McDermott is named in the suit as one of the defendants, we will not, under the petition as amended, pass upon whether or not the service upon this defendant was proper or not. If he conceives that the service upon him was not made in a way to bring him into court, he can appear specially for that purpose, and move, in the Morgan county court, to quash the service, which it would no doubt do if convinced there was not a proper service, but, as the whole case is triable de novo in the county court, the plaintiff may counter, if he sees proper so to do, with a motion to have the sheriff to amend his return, if the facts justify it, or move for alias summons, and have same served upon defendant.

We do not think that the judgment appealed from was such a final judgment as will support an appeal. The appellant, possibly in anticipation of such a conclusion, on our part, has filed timely motion here, praying that, if the appeal should be held to be an improper remedy, this court will issue a writ of mandamus commanding the judge of the Morgan county court to annul his order sustaining the demurrers of G. L. Morris, and also to vacate his order disallowing appellant's petition. Having before us an authentic transcript of the record of the proceedings,

this is sufficient to authorize us to entertain a motion for mandamus. Brady. v. Brady, 144 Ala. 414, 39 So. 237. Unless the judge of the county court of Morgan county, on being advised of our conclusion in the premises, shall proceed in conformity with this opinion to set aside his order sustaining the demurrers filed to the petition, and issue his order requiring the justice of the peace to annul the garnishment proceedings issued by him, and to suspend further proceedings in the cause, a writ of mandamus will here issue commanding the judge of the county court to vacate his judgment denying and disallowing appellant's petition, and to make and issue the order as aforesaid to the justice of the peace.

Mandamus awarded, conditionally; the cost taxed against appellee.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.