178 So. 37

**CASTLEBERRY v. CASTLEBERRY.**

**4 Div. 983.**

Supreme Court of Alabama.

Dec. 16, 1937.

Rehearing Denied Jan. 20, 1938.

S. H. Gillis, L. H. Brassell, and Brassell & Love, all of Andalusia, for appellant.

Ralph A. Clark, of Andalusia, for appellee.

KNIGHT, Justice.

This cause was submitted on motion for mandamus, and merits.

The bill was filed by complainant, Ethel Lee Castleberry, against her husband for alimony, permanent and temporary, in the nature of support money. No divorce is sought.

In her bill complainant avers that she and the said Turner D. Castleberry intermarried in Covington county, Ala., in the year 1931, and lived together as man and wife until February 12, 1937, on which date they separated.

It is also averred in the bill that the respondent did "before and about February 12th, 1937, beat, abuse, assault and maltreat complainant, * * * and order her from his home."

In the sixth paragraph of the amended bill, it is averred: "Your Oratrix further alleges that one of the contributing causes for the separation between her and said respondent as set forth in paragraph Numbered as Second herein was that the said respondent has been and was at the time of the separation between your Oratrix and said respondent as set forth hereinabove, intimate with a young white unmarried woman. Your Oratrix alleges that at said time, it is your Oratrix's information and belief, that said respondent was intimate with the said woman in an immoral manner and that their relationship was one of immorality and illicit sexual association."

It is alleged in the bill as amended that complainant has insufficient funds and income for her support; that her husband is able to provide for her; that he owns five or six hundred acres of land situated in Covington county, and personal and mixed property and money and choses in action, and is financially able, although unwilling, to make provision for the complainant and her two infant children.

The respondent demurred to the bill, but this demurrer is not now before us, as the court below has made no decree thereon.

The complainant, after the filing of her bill, filed in the cause a petition averring that since the separation, as alleged in her bill of complaint, the respondent has not supported her, and that complainant has no property and no income, and that respondent has both property and income, and is financially able to aid, assist, and support complainant. In this petition, the complainant prayed that she be decreed, pending this suit, alimony and solicitor's fees for the prosecution of the suit, and she prayed that the cause be referred to the register to ascertain and report, among other things, what would be reasonable alimony for the respondent to contribute to the support of complainant, pending this litigation, and also as to solicitor's fees, etc.

This petition was filed on June 23, 1937, and on July 24th thereafter the respondent filed answer to this bill and amended bill.

In his answer the respondent admits that the complainant is his wife; admits that

he has some means; avers his willingness to take his wife back into his home, and to provide for her; averring that the original abandonment by the wife was "voluntary." And in this answer the respondent makes this statement: "The respondent hereby offers to take his wife and children back in his home and make them a good and faithful husband and father, to provide for them to the best of his ability and discharge the duties of a husband as he has endeavored to do at all times heretofore."

By way of denial of the charges contained in the bill the answer contained the following: "3. The respondent denies the allegations in the bill of complaint 'that the respondent is a person of bad character, immoral habits, of loose and varied conception of the virtue of marital ties, of criminal tendencies and a man unfit and unsuitable to have the care and custody of the children' and the respondent further avers that he has, at all times, provided for his family to the best of his ability and in keeping with his station in life, that he has endeavored to be an affectionate and loving father and husband; that the complainant herein voluntarily left your respondent and that your respondent was, in no way, at fault in causing the abandonment, or separation."

█ It will be noticed that the respondent nowhere specifically denies that he beat, abused, assaulted, and maltreated his wife, nor does he specifically deny the charge that he had been "intimate with a young unmarried woman."

This answer was filed, as above stated, on July 24, 1937, and on August 5th thereafter without notice to the complainant, and without giving her a chance to be heard, and without a submission on said bill, or on the petition for temporary alimony, and counsel fees, the judge of the circuit court of Covington county proceeded to render a decree on the petition and answer, in which he denied complainant both temporary alimony and counsel fees.

In his decree, which recites no submission, we find the following statements made by the court as the sole basis for the decree: "Apparently from the motion, the complainant is not claiming any sum for temporary relief of the infant children referred to. However, the respondent has answered the bill of complaint as amended, and in his answer referred to has offered to take the respondent and her minor children back into his home and support, care for, and maintain them as he is to do, considering the station in life of all the parties and the ability of the parties to do so. This seems all that could be required of this respondent under the laws of Alabama."

The action of the court in ex mero motu taking up and passing upon the petition and answer, without notice to the complainant, and without any submission thereon by the parties, presents a rather remarkable procedure; one finding no support or justification under any statute of the state or rule of the court. In fact it was in direct conflict with the holdings of this court, and amounted, in effect, to a denial to complainant of her day in court. Hughes et al. v. Stephens, Mayor, et al., 219 Ala. 134, 121 So. 397; Thomas et al. v. Davis, 197 Ala. 37, 72 So. 365.

In proceeding to render the interlocutory decree denying temporary alimony and counsel fees, without a submission, and without giving complainant opportunity to controvert the answer, or otherwise to test the bona fides of the respondent's answer, the court committed manifest error to the prejudice of the complainant.

█. However, the decree on the petition is not such a final decree as will support an appeal, as this court has uniformly hereto held. Brady v. Brady, 144 Ala. 414, 39 So. 237; Ex parte Edwards, 183 Ala. 659, 62 So. 775; Ex parte Jackson, 212 Ala. 496, 103 So. 558; Ex parte Hilton, 213 Ala. 573, 105 So. 647; Rogers v. Rogers, 215 Ala. 259, 110 So. 140; Ex parte Tower Mfg. Co., 103 Ala. 415, 15 So. 836; Johnson et al. v. Gerald, 216 Ala. 581, 113 So. 447, 59 A.L.R. 348. The appeal must, therefore, be dismissed.

█ On the submission of the cause in this court, the appellant made timely motion here, praying that, if the appeal should be held to be an improper remedy to obtain review of the decree appealed from, this court will issue a writ of mandamus commanding the judge of the circuit court of Covington county to annul his decree denying appellant the relief prayed for in her petition. Having before us an authentic transcript of the record of the proceedings, this is sufficient for us to entertain the motion for mandamus. Brady v. Brady, supra; Ex parte McDermott, 224 Ala. 684, 141 So. 659.

Unless the judge of the circuit court of Covington county, on being advised of our conclusions in the premises, shall proceed to set aside and annul the order and decree made and entered by him on August 5, 1937, and give the complainant reasonable opportunity to be heard and to controvert the answer of the respondent, and to offer such testimony as she may in support of her bill and petition, a writ of mandamus will here issue commanding the judge of said court to vacate his said decree, and to accord the complainant a hearing on her said bill and petition.

Inasmuch as the cause must be again heard and considered by the court, we feel it proper to say that the trial court was in error in holding that inasmuch as the respondent had offered to take the complainant back into his home as his wife, and to support her there, that such offer was all that the law of this state required. The respondent may or may not be sincere in his offer; he may or may not have been brutal to his wife while she was in his home; he may or may not have been guilty of acts of infidelity. Certainly, if he was brutal to his wife, beat, and assaulted her, or otherwise mistreated her, or if he was in fact guilty of criminal intimacy with some unmarried woman as charged in the bill of complaint, his protestation of present good intentions, and his promise now, after his wife has been driven from his home, to take her back into his house and to make her a good husband, cannot serve to close the door of the courts to his wronged wife, if in fact she has been wronged. Whether she will forgive him, and thereby condone his previous misconduct is a question and a matter to be determined by the wife alone. The court will not coerce her into a seeming reconciliation by any threat to close the doors of the courts to her, if she declines to be reconciled and to condone the offenses committed against her, if any in fact were committed. Reconciliation is a matter addressed to the hearts and conscience of the parties. Courts are powerless to coerce them.

In assuming the marriage relation the contracting parties are aware of the frailties of human nature, and they should, so long as is reasonably possible, exercise mutual forbearance, to the end that the marriage may bring happiness to both, and that the relation shall only be terminated by death. Society and morality alike enjoin upon both this forbearance, but should the conduct of either spouse transcend all bounds of decency and morality, there is no rule of law or of stern morality which will require a continuation of the cohabitation, which possibly may be productive only of a life of misery and hate. What was said in the case of Jones v. Jones, 228 Ala. 178, 153 So. 203, in an opinion by the present writer, is not contrary to what is here stated.

It follows that mandamus is awarded conditionally.

Let the appellee pay the cost of this appeal in this court and in the court below.

Appeal dismissed. Mandamus awarded conditionally.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.