189 So. 720

### LITTLE, Superintendent of Banks, v. PEEVY.

### 1 Div. 62.

Supreme Court of Alabama.

June 8, 1939.

Roy W. Kimbrough, of Thomasville, and Hill, Hill, Whiting & Rives, of Montgomery, for appellant.

Paul S. Jones, of Grove Hill, for appellee.

THOMAS, Justice.

The submission of this case was on motion to set aside a judgment nil dicit and to restore the cause to the docket for a new trial.

The first two grounds of defendant's motion for the new trial show that judgment of the court was rendered on the verdict of the jury. The bench notes are set forth in the affidavit of the clerk of the court introduced in evidence, and disclose the following:

"I, J. Henry Megginson, Clerk of the Circuit Court of Clarke County, Alabama, do hereby certify under my official seal that the following is a true and correct chronological record of the above styled case as same appears in said file and on the docket of said Court, both of which are in my possession in my office, towit:

"Suits filed by plaintiff January 27, 1936;

"Service on defendant January 28, 1936;

"Answers filed, demanding a jury by defendant February 27, 1936;

"September 22, 1936—continued by plaintiff on account of absence of W. D. Rushing, Liquidating agent;

"March 3, 1937—continued on account of sickness of defendant;

"September 22, 1937—Continued;

"March 23, 1938—Continued on account of sickness of defendant;

"September 29, 1938—submitted to a jury of twelve men who returned a verdict for the plaintiff, and assessed the damages at $1,405.81;

"October 27, 1938—Motion filed by defendant for new trial. * * *."

The affidavit of plaintiff's attorney, Roy W. Kimbrough, Esq., sets forth in some detail how the judgment was rendered as follows: "Thereupon the Court called a jury of 12 men, the plaintiff offered his evidence and proved a reasonable attorney's fee. The Court gave the general charge against the defendant, and the jury, after studying the evidence introduced by the plaintiff, returned a verdict for the plaintiff in the sum of $1,405.81, reducing the attorney's fee from $150.00 to $75.00. Thereupon the Court entered a judgment for the plaintiff on the verdict of the jury in the sum of $1,405.81, the amount found by the jury to be owing the plaintiff by the defendant."

The appellant's predecessor in office, as Superintendent of Banks of Alabama, liquidating the bank, filed this suit against appellee (defendant) on January 27th, 1936, nearly three years before the judgment in question was rendered against defendant. The suit was on three promissory waive notes made by defendant to the Bank of Grove Hill, dated March 20th, 1933, one for $34.45, another for $475, both payable May 3rd, 1933, and one note for $500 payable June 20th, 1933. Service was had on the defendant on January 28th, 1936, and he, by his attorneys, filed a plea of the general issue, demanding a trial by jury on February 27th, 1936.

No sworn plea, or plea of payment nor any other plea, except the general issue, was filed by defendant prior to the rendition of judgment against him on the 29th day of September, 1938, for the sum of $1,405.81, the damages assessed by the jury together with the costs in that behalf expended.

On the 27th day of October, 1938, defendant filed his motion to vacate and set aside the verdict of the jury, and the judgment of the court rendered thereon, claiming by way of conclusion, that he had a meritorious defense to the action which he was prevented from presenting by accident or mistake.

■ The sixth ground of the motion to set aside the verdict and judgment stated that when defendant was sued in this case he retained counsel and filed an appearance with the idea of litigating said case as he had a meritorious defense to said action, in that he had paid all, or a substantial part, claimed to be due on the note or notes on which he was sued. The facts as to any such claimed payment, the place and date thereof, the medium of payment, whether by check or in cash, by whom and to whom made, were not set forth so that the court might judge of their sufficiency, nor so as to disclose whether on a new trial the defendant might be able to sustain his alleged defense, nor was any reason disclosed why for nearly three years after defendant had engaged counsel and entered his appearance, no plea of payment had been filed nor any other plea, except the general issue.

■ The defendant's said motion did not set forth the facts constituting his alleged defense so that the court might judge of their sufficiency, as a meritorious defense under the rules of law that obtain and recently declared by this court on many authorities stated in Union Indemnity Co. v. Goodman, 225 Ala. 499, 144 So. 108.

As excuse for failing to appear and defend the action as set for trial, defendant's motion merely alleged that "said cause was set for trial on Monday, September 26th, 1938, at which time this defendant was unexpectedly called out of town on business which was imperative that he attend to, and did not return on said date in time to attend court; that defendant was under the impression after he did not return that said cause had been definitely continued by the Court, and was not aware that the same had been continued by said Court from day to day until the 29th day of September, 1938, at which time the defendant was again out of town on important business and his attorneys were unable to contact him until after the judgment had been rendered in said cause and the Court had adjourned for the term." (Italics supplied.)

The plaintiff appeared and resisted the defendant's motion to vacate the verdict of the jury and set the same aside and the judgment of the court rendered thereon. As grounds for resisting said motion, plaintiff assigned, among others, the following: That the grounds assigned in said motion for new trial were vague, indefinite and general; that defendant had shown no diligence in defense of the suit filed against him practically three years ago, towit, January 27th, 1936; that defendant did not show diligence and interest in defense of this cause, which the law and dignity of the court required; and that no business which defendant had could have been of more importance to him on Monday, September 26th, 1938, than this suit, which had been pending since January 27th, 1936, and his absence from town did not warrant the trial court granting him a new trial.

Defendant's absence from the court on September 26th, 1938, indicated an utter indifference for and lack of diligence in his defense of said suit.

The motion of appellant was to the effect that although defendant should have been in court on Monday, September 26th, 1938, the day the case was set for trial, and failed to appear on said date without any excuse, the court continued said cause from day to day throughout said term in the presence of defendant's two attorneys, but at no time during said term did defendant appear in court; that defendant was represented in court on Monday, September 26th, 1938, and each day thereafter during said term by competent, diligent attorneys, who, from the record, had been in said case since February 22nd, 1936, and said attorneys heard every continuance of the cause and heard the court specifically instruct them that not later than Tuesday, September 27th, 1938, the case must be disposed of during said week; that the court very positively stated to defendant's attorneys on Monday or Tuesday of the term of court that said case must be disposed of during that week, and from aught that appears, defendant was at his home each night of said week and during a part of some of the days at least before said judgment was taken against him.

■■ Knowledge of defendant's counsel that said case was on docket for trial on September 26th, 1938, and had been continued by the court, with positive in-

structions that it must be disposed of during the week, must be imputed to defendant as a matter of law, and no surprise can be sustained where there is previous knowledge.

Defendant's attorneys of record were in court each day of said term, including September 29th, 1938, the day said verdict was rendered by the jury, and they did not at any time file a formal motion for a continuance or postponement of said cause.

■ Defendant's motion for a new trial alleges in a vague and general way that he has a defense in said cause, *but does not anywhere in said motion specifically set out in what particular or particulars his said defense consists.*

Defendant's allegation of a defense is too vague and indefinite to meet the requirements of the law in a motion for a new trial. Defendant's affidavit states, in part, as follows: "I had planned to attend Court on said day but was unexpectedly called out of town on Monday morning September 26th, 1938 on very important business, and did not return until after Court had adjourned on said day. At the time I left home I had expected to return early in the afternoon at which time I could have attended Court as it was my understanding that it had been the custom in the past to call no cases for trial on the first day of Court until in the afternoon. Upon my return I inquired of several friends as to what disposition had been made of my case, and I understood that it had been continued by the Court. My attorneys were busily engaged in the preparation and trial of other cases beginning on September 26th, 1938, and continuing throughout the entire time Court was in session, and at such times as they were in their office they endeavored to contact me by telephone but I was away from home each time they endeavored to contact me. Since I was under the impression my case had been continued because of my absence on Monday I made no effort to contact my attorneys and was not informed the case was simply passed from day to day until the last day that Court was in session, which was on Thursday, September 29th, 1938. On Thursday, September 29th, 1938 I was again out of town on business, and when my attorneys were informed the case would be immediately called up for trial by the Court they endeavored to contact me, and when they called my home I was not there

and they were unable to contact me as I was in Demopolis, Alabama. I did not return to my home until Court had adjourned, and I was unaware that a judgment had been rendered by the Court against me in my absence."

The motion for a new trial in the circuit court was continued until the first day of December, 1938, when it was heard on the merits. The evidence introduced by each of the parties on the rehearing was entirely documentary, and is shown in the bill of exceptions, which contains the following recital: "The foregoing was all of the evidence introduced by either party on said motion." In short, the evidence introduced in support of the motion consisted of affidavits of defendant, his counsel, and showed that he had resided in Grove Hill for a number of years, was advised by his attorneys that the case was set for trial on Monday, the 26th day of September, 1938, and the further statements contained in affidavit of defendant hereinbefore set out.

■ As to the alleged defense of the defendant to the action, the general averment was: "I feel that I have a good defense as I am positive two of the notes sued upon have been paid by me, and I am of the opinion that I will be in a *position to show* that *the other note has actually been paid.*" (Italics supplied.)

This is not the specific evidence required by or under our decisions as to the basis for prosecuting or defending a cause for fraud, accident or mistake, in an effort to show that a defendant is without negligence or fraud in the matter. Union Indemnity Co. v. Goodman, 225 Ala. 499, 144 So. 108; Gray v. Handy, 204 Ala. 559, 86 So. 548; Prudential Casualty Co. v. Kerr, 202 Ala. 259, 261, 80 So. 97.

The other evidence by this defendant in support of his motion for a new trial was the affidavit of his counsel to the effect that the case had been continued from time to time, was again set for trial on September 26, 1938, and that he notified defendant that the cause was set for trial on said date. When defendant did not appear in court, the attorney endeavored to contact him and learned that he had been called out of town and had not returned. During the remainder of the week, affiant and his partner were engaged in the trial of cases until this case was called for trial; that they had no opportunity to contact Peevy, although they made several efforts to do so; that on the 28th day of September,

1938, the court called the case for disposition, that an effort was made to get in touch with Peevy, "and that he was informed by Mrs. Peevy that said Peevy was out of town on business for the day having gone to Demopolis, Alabama," and that affiant failed to reach him in Demopolis, and judgment was then rendered by the court in Peevy's absence.

No other evidence for defendant was introduced on the hearing of the motion for a new trial other than that stated above.

Upon that hearing plaintiff introduced evidence for answer to defendant's motion for a new trial. Included in the evidence was the affidavit of the clerk of the circuit court containing the matters indicated on the trial docket, hereinabove set out, and the affidavit of Lowery was supported by the affidavit of Tucker and that of plaintiff's attorney.

The affidavit of the circuit clerk shows a dilatory prosecution of the suit from January 27, 1936, to and including the taking of judgment on September 29, 1938.

The effect of Lowery's testimony was that he was liquidating agent for the bank and had possession of the books and records. This witness detailed the facts of such records with reference to the notes in question, showing the amounts due thereon. He indicated that the entries in the books were regular in every respect and showed the respective loans to defendant, that the moneys were placed to his credit and checked out by him in due course, and that all credits were given him. That is, that Peevy had paid the sum of $1630 and of this $500 was paid to the bank, not by Peevy but by Gordon, who purchased the note for that sum, and that $30 of such payment represented interest, so that the balance owing by Peevy, according to the records of the bank, with the principal, interest and attorneys' fees was the amount of the judgment. Peevy's account with Lowery, as liquidating agent, clearly and specifically stated as to the notes in question and the credits thereon.

The testimony of Tucker, as cashier of the bank during the time described and in which the transactions were had between and by the bank and Peevy, showed that the same appears in the bank's records as of that time and that there were no irregularities or errors in the bank's record, and that the account now is as the same appears on the bank's books.

The effect of the testimony of plaintiff's attorney detailed the course of the case from January 27, 1936, to and including the verdict and judgment thereon of September 29, 1938; that all of the occurrences beginning September 26, 1938, when the case was set for trial, were as follows:

"When this case was called for trial on Monday, September 26th, 1938 plaintiff announced ready, but the defendant's attorney stated to the Court that the defendant had been unexpectedly called out of town. Thereupon the Court stated that the case would be continued until Tuesday, September 27th, 1938. I was not sure that I had understood the Court correctly and asked if I was correct in my understanding that the case was continued until Tuesday, the next day. The Court stated that that was correct, that the case was continued until Tuesday morning. Defendant's attorney was present at the time. Defendant lived at Grove Hill, a short distance from the Court House. On the next morning, Tuesday, the Court again called this case for trial and the plaintiff again announced ready. The defendant was not present in Court. The Court seeing that the defendant was not present, announced in the presence of defendant's attorney and in the presence of affiant that this case had to be disposed of during this term, meaning the week of September 26th, 1938.

"The plaintiff's liquidating agent and attorney were in Court on Wednesday, September 28th, 1938 but the defendant was not there. On Thursday, September 29th, 1938, the plaintiff appeared before the Court and moved a judgment against the defendant. The defendant's attorney went out and called the residence of the defendant, and some time later returned to the Court and said that he had not been able to locate the defendant. Thereupon the Court called a jury of twelve men, the plaintiff offered his evidence and proved a reasonable attorney's fee, etc."

The supplemental affidavit of Roy W. Kimbrough, attorney for petitioner, specifically indicates the fact that although the suit against the defendant had been pending for nearly three years, the only pleas that have been filed in answer to the complaint of plaintiff was that of the general issue, and that at the time the judgment was taken against the defendant on September 29, 1938, the defendant had not filed a plea of payment.

The foregoing was the effect of the evidence introduced by the respective parties. The motion was taken under consideration by the trial court on the first day of December, 1938, and on the 20th day of February, 1939, the motion of defendant for a new trial was granted, and the cause was restored to the docket, the court stating in part that, "On consideration of the motion and the evidence introduced in support thereof and against the same, it is the judgment of the Court that said motion should be granted."

To this action of the court, granting the motion. for a new trial to defendant Peevy and restoring the cause to the docket, plaintiff duly and legally excepted. The action of the trial court is sought to be reviewed by appeal or in the alternative by motion for mandamus.

█ It is established by this court that a motion to set aside the judgment and grant a new trial must show that the defendant had a defense good in law and in what that defense consists. The court must be put in possession of the facts for the sufficiency of the defense is an indispensable element of the issue. The facts constituting the supposed defense must be stated so that the court may judge their sufficiency. Union Indemnity Co. v. Goodman, 225 Ala. 499, 144 So. 108; Ex parte Wallace, 60 Ala. 267; Dunklin v. Wilson, 64 Ala. 162, 168; Chastain & Lawrence v. Armstrong, 85 Ala. 215, 217, 3 So. 788; 34 C.J. 489.

█ It was recently indicated by this court that a judgment granting a motion for a new trial is such a judgment as to support an appeal under section 6088, Code. O'Neal v. Turner, 230 Ala. 24, 158 So. 801. The question for review in this case is presented by appeal and bill of exceptions and by the petition for alternative writ of mandamus. Mills Lumber Co. v. Hull, 222 Ala. 229, 131 So. 902. When the motion is under the four months statute (section 9521, Code), it has been held that mandamus is the proper remedy to compel annulment of such improper judgment granting the rehearing and restoring the case to the docket of the trial court. Ingram v. Alabama P. Co., 201 Ala. 13, 75 So. 304; Burger-Phillips Co. v. Phillips, 234 Ala. 563, 176 So. 181; Barrow v. Lindsey, 230 Ala. 45, 159 So. 232, and authorities cited; Ex parte Byrd Contracting Co., 26 Ala.App. 171, 156 So. 579,

certiorari denied 229 Ala. 248, 156 So. 582.

█ The motion for a new trial must set forth sufficient facts showing that defendant was prevented from appearing and defending the action by accident or mistake which ordinary prudence could not have guarded against. Code 1923, § 9518, subd. 3; Ex parte Wallace, 60 Ala. 267; Elliott v. Cook, 33 Ala. 490; White v. Ryan & Martin, 31 Ala. 400.

█ A defendant's motion for ·a new trial should not be granted unless it specifically points out wherein the verdict of the jury and the judgment of the court pronounced thereon is contrary to law. 46 Corpus Juris, § 311, p. 318; Winter v. Judkins, 106 Ala. 259, 17 So. 627; Ard v. Crittenden, Ala.Sup., 39 So. 675; Alabama Midland R. Co. v. Brown, 129 Ala. 282, 29 So. 548; Nashville, Chattanooga & St. Louis Ry. Co. v. Crosby, 194 Ala. 338, 70 So. 7; Cobb v. Hand, 12 Ala.App. 461, 68 So. 541; North Carolina Mutual Life Insurance Co. v. Carter, 232 Ala. 29, 166 So. 688; 46 C.J. § 310, p. 317.

█ Defendant's ignorance of the date of the trial, or of the order of the court, as to a definite time for disposition of the case, was not a proper ground for new trial, where defendant's counsel had knowledge of the date and were informed by the court as to the time set for disposition of the case. Price v. Carney, 75 Ala. 546; Silvey v. Cook, 191 Ala. 228, 68 So. 37; Shirley et al. v. McDonald, 220 Ala. 50, 124 So. 104; Volume 3 (Old), Alabama & Southern Digest, Attorney and Client, ☜104, p. 283; Code 1923, § 9487 et seq.

█ It will be noted that the motion for a new trial was not under the four months statute, but under the thirty day statute, and is called by appellee a judgment "nil dicit." Hence the action of the trial court is not reviewable by appeal, under the statute [Code, §§ 6088 and 9518], but mandamus is the proper remedy. Ex parte Gay, 213 Ala. 5, 104 So. 898; Huie v. Smith, ante, p. 81, 189 So. 729.

On submission of the cause the Superintendent of Banks duly applied to this court for an alternative writ of mandamus under the well recognized authority thereof, Brady v. Brady, 144 Ala. 414, 39 So. 237, and later decisions, to review the action of the trial court here presented.

114

In the recent decision in Castleberry v. Castleberry, 235 Ala. 266, 268, 178 So. 37, 39, Mr. Justice Knight for this Court said: "On the submission of the cause in this court, the appellant made timely motion here, praying that, if the appeal should be held to be an improper remedy to obtain review of the decree appealed from, this court will issue a writ of mandamus commanding the judge of the circuit court of Covington county to annul his decree denying appellant the relief prayed for in her petition. Having before us an authentic transcript of the record of the proceedings, this is sufficient for us to entertain the motion for mandamus. Brady v. Brady, supra; Ex parte McDermott, 224 Ala. 684, 141 So. 659."

The facts are so presented in the instant case.

It results that the petition for mandamus is, in the instant case, an efficacious remedy for review of the action of the trial court.

We have carefully considered the evidence pro and con as affecting the action of the trial court in granting the rehearing and in restoring the cause to the trial court's docket. We are of the opinion that the action of the trial court was abusive of his discretion in the order, and it must be set aside.

The appeal is dismissed and the mandamus is granted, with directions that the circuit court set aside its order granting the motion to set aside the judgment nil dicit and directing that the judgment for plaintiff theretofore rendered be reinstated in said cause against the defendant.

Writ awarded with directions.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.