89 So.2d 534

In re ESTATE of Edward WILKINSON, deceased.

6 Div. 787.

Supreme Court of Alabama.

June 21, 1956.

Rehearing Denied Sept. 13, 1956.

White, Bradley, Arant, All & Rose, Birmingham, for appellant.

J. P. Mudd, Birmingham, for appellees.

LAWSON, Justice.

The several matters presently before us, docketed here as 6 Div. 787, are parts of the continuing litigation which we have heretofore designated the "Western Grain Company Cases." Statements of the facts leading up to the litigation appear in Wilkinson v. McCall, 247 Ala. 225, 23 So.2d 577; Mudd v. Lanier, 247 Ala. 363, 24 So.2d 550; and the Western Grain Company Cases, 264 Ala. 145, 85 So.2d 395.

On October 17, 1952, Edward Wilkinson, Jr., individually and in representative capacities, filed a petition in connection with the pending administration of the estate of his deceased father, which cause had been given the circuit court number 53,010. See Western Grain Company Cases, supra. This petition and the several amendments thereto have come to be known as the October petition.

On July 2, 1954, the circuit court of Jefferson County, in equity, in which court the administration of the estate of Edward

Wilkinson was pending, entered a decree which relates to the October petition but which incorrectly refers to the date on which that petition was filed as October 15, 1952, rather than October 17, 1952. The decree reads as follows:

"This Cause coming on to be heard is submitted for decree on the application of Edward Wilkinson, Jr., etc. for injunctions, as prayed in his petition filed herein on October 15, 1952, as last amended, and on the motion to strike and the demurrer to the said petition filed by the Western Grain Company, a corporation, et als.; and upon consideration of the said motion to strike and the demurrer, the Court is of the opinion that the said petition, as last amended, should be stricken for prolixity, but the Court being further of the opinion that the said petition, as last amended, is multifarious and that the demurrer should be sustained on that ground, if for no other reason, it is, therefore, of the opinion that, in order to expedite a determination of this matter, the motion to strike should be overruled and that the demurrer should be sustained; it is, therefore,

"Ordered, Adjudged and Decreed by the Court that the motion of the Western Grain Company, a corporation, et als., to strike the petition of Edward Wilkinson, Jr., et als., filed herein on October 15, 1952, as last amended, be and it is hereby overruled, and that the demurrer of the Western Grain Company, a corporation et al. to the said petition, as last amended, be and it is hereby sustained and the said Edward Wilkinson, Jr., et als., be and they are hereby allowed thirty (30) days from this date within which to amend.

"And Now, This Cause is submitted for decree on the applications of Edward Wilkinson, Jr., for temporary injunctions, as prayed in the petition filed herein on October 15, 1952, as last amended; and upon consideration thereof, the Court is of the opinion

that, in view of the foregoing provisions of this decree, the said applications should be denied without prejudice; it is, therefore,

"Ordered, Adjudged and Decreed by the Court that the applications of Edward Wilkinson, Jr., et als., for temporary injunctions, as prayed in petition filed herein on October 15, 1952, as last amended, be and they are hereby denied, without prejudice."

The decree of July 2, 1954, set out above, followed a decree rendered on either the 24th or 25th of June of that year, which we will refer to hereafter as the June 24 decree, in which, among other things, it was decreed that Edward Wilkinson, Jr., could not maintain and prosecute the petition in certain representative capacities.

On July 12, 1954, the register approved security for costs of appeal filed by Edward Wilkinson, Jr., which purports to cover appeals not only from the decree of July 2, 1954, but also from the decree of June 24, 1954.

Thereafter, on August 19, 1954, a certificate of appeal was filed in this court on behalf of Edward Wilkinson, Jr., which was docketed as 6 Div. 787. On October 4, 1954, this court set Wednesday, November 17, 1954, as the date of submission of 6 Div. 787, as well as 6 Div. 773, 6 Div. 785, and 6 Div. 792, other Western Grain Company Cases, post, p. 111, 89 So.2d 532, which are this day decided.

On October 14, 1954, the respondents to the October petition, the appellees in the appeal docketed here as 6 Div. 787, filed a petition for mandamus which was given the same docket number, that is, 6 Div. 787, praying that the trial court be ordered to strike the October petition on the ground of prolixity.

Thereafter, on October 15, 1954, an amended certificate of appeal was filed here on behalf of Edward Wilkinson, Jr., in 6 Div. 787, which was marked filed as of August 19, 1954, the date on which the

original certificate of appeal was filed. Apparently the amended certificate was filed so as to make it clear that Edward Wilkinson, Jr., sought to appeal from the June 24 decree as well as the decree rendered on July 2, 1954.

On November 17, 1954, the following transpired: The transcript in 6 Div. 787 was filed in the office of the clerk, that is, Volumes 29 and 30 of the so-called Master Record, which brought the number of pages in the Master Record to 15,527. Edward Wilkinson, Jr., the appellant in 6 Div. 787 filed a motion to be permitted to intervene in the mandamus proceeding previously filed on October 14, 1954. Edward Wilkinson, Jr., filed a petition for writ of mandamus or other remedial writ which was also given the docket number 6 Div. 787. The trial judge filed an answer to the petition for mandamus theretofore filed by the Western Grain Company, et al., wherein he averred as follows: " * * * that he did deem that the October petition, therein described, was prolix as stated in the decree of July 2, 1954, but that, in the interest of bringing the issues presented thereby to a hearing most expeditiously, it seemed preferable to the respondent that the demurrers of the said petitioners for multifariousness be sustained." The appellees in 6 Div. 787 filed a motion to dismiss the appeal in so far as it challenges the correctness of that aspect of the decree of July 2, 1954, denying the applications for temporary injunctions.

The cause was argued and submitted in the respects heretofore indicated on November 17, 1954.

In 6 Div. 966, one of the Western Grain Company Cases, 264 Ala. 145, 85 So.2d 395, supra, we granted the application for mandamus sought by Western Grain Company, et al., to strike the so-called June 29, petition for prolixity.

The October petition is vastly more prolix than the June 29 petition, inasmuch as it not only adopts indirectly by reference the June 29 petition but it also adopts and incorporates by reference various other petitions, motions and applications. To understand what is in the October petition, as amended, it is necessary to read and study not only that petition itself but the various other petitions and motions which are incorporated by reference therein, and to read and digest other petitions and motions and the numerous amendments thereto which are made a part of motions and petitions referred to in the October petition which goes on *ad infinitum*. We see no occasion to treat this matter at length. The October petition violates the rules of good pleading in that it does not " 'contain a clear and orderly statement of the facts on which the suit is founded, without prolixity or repetition,' as required by Equity Rule 11, Title 7, Appendix, Code 1940". Edmonson v. First National Bank of Birmingham, 256 Ala. 449, 55 So.2d 338, 353. The June 29 petition treated in the Western Grain Company Cases, supra, and the bill considered in Edmonson v. First National Bank of Birmingham, supra, are mere pygmies compared to the October petition.

We grant the application for mandamus and direct the court to strike the October petition as prolix.

Since the petition will be stricken under the aforesaid holding, the appeal is *functus officio* and has no further purpose and accordingly is dismissed. It also follows that the petition for alternative writ of mandamus filed by Edward Wilkinson, Jr., is denied.

Application of Western Grain Company, et al., for mandamus granted; application for alternative writ of mandamus filed by Edward Wilkinson, Jr., denied. The appeal is dismissed.

LIVINGSTON, C. J., and SIMPSON, STAKELY, GOODWYN, MERRILL and SPANN, JJ., concur.