170 So. 545

### WALTMAN v. ORTMAN.

### I Div. 941.

Supreme Court of Alabama.

Oct. 29, 1936.

Rehearing Denied Nov. 19, 1936.

J. G. Bowen, of Mobile, for petitioner.

Wm. M. Bekurs, of Mobile, opposed.

BROWN, Justice.

Mrs. Anna F. Ortman, on the 6th of June, 1935, brought an action of assumpsit in the inferior civil court of Mobile county against the petitioner, Mrs. F. D. Waltman, and F. D. Waltman for rent alleged to be due from them, and on the 18th of June recovered a judgment against them for $47.50 and costs of the suit. On August 25, 1935, the plaintiff, by making the required statutory affidavit, had a writ of garnishment issued, summoning the Merchants National Bank of Mobile as garnishee. On September 10, 1935, the garnishee filed written answer admitting its indebtedness to the defendant, Mrs. F. D. Waltman, in the sum of $119.50.

On the 6th of September, 1935, the defendants in said suit filed a petition in the circuit court, alleging under oath that they had a meritorious defense to said suit, in that they "deny the indebtedness for which the judgment was rendered. * * * that they have no other means or defense at this time against said suit except to bring it by statutory writ of certiorari from the Inferior Civil Court to the Circuit Court of Mobile County, Alabama, to be tried de novo; that they have made a diligent effort to obtain sureties on an appeal or certiorari bond and have been unable to do so." See Local Acts 1915, pp. 311, 312.

Upon said petition being filed and presented to the Honorable Claude A. Grayson, the Presiding Judge of said circuit court, he ordered the issuance of the writ.

The writ was issued and served on the inferior court, and in response thereto the clerk made and certified a transcript of the proceedings in said case to the circuit court.

172 So. 774

The defendants thereupon, on October 24, 1935, filed a motion in the circuit court for an order releasing and discharging the garnishee on the sole ground that the defendants, before the garnishee answered, had applied for and obtained a statutory writ of certiorari under the local act of 1915. On November 20, 1935, the court overruled the motion.

Thereupon the defendant, petitioner here, applied to the Court of Appeals for a common-law writ of certiorari to review the proceedings of the circuit court. The Court of Appeals, after hearing the petition, denied the writ.

■ The plaintiff to the suit filed in the inferior civil court insists that the writ was properly denied by the Court of Appeals for the reason that the certiorari proceeding in that court was submitted without notice to her. If that is true in fact, the Court of Appeals should have dismissed the petition for want of jurisdiction of the person. Ex parte Buckley, 53 Ala. 42; 1 Mayf.Dig. p. 151, par. 87; Black v. Brinkley, 54 Ark. 372, 15 S.W. 1030; 11 C.J. p. 191, § 337; Code 1923, §§ 8978, 8979.

■ The local act of September 10, 1915 (Loc.Acts 1915, pages 311, 312), on its face, applies only to suits commenced before justices of the peace. Whether this act is made applicable to the inferior civil courts, by some other local law, we have not stopped to inquire. Assuming, however, that it does apply to the local civil court, the effect of the issuance of a statutory writ of certiorari was to annul the judgment of the inferior civil court and remove the cause from that court to the circuit court to be tried de novo, with all the proceedings, before the issuance of the writ, intact. Confer v. Reinschmidt, 121 Ala. 252, 25 So. 769; Ex parte McDermott, 224 Ala. 684, 141 So. 659.

■ In the case last cited, Ex parte McDermott, the garnishment was issued after the statutory certiorari was granted. In the case at bar the writ of garnishment was issued before the statutory certiorari was granted, and therefore its issuance was within the jurisdiction of the inferior civil court.

■ The answer of the garnishee, though filed in the inferior civil court after the certiorari was issued, was properly certified to the circuit court with the other proceedings.

■ The common-law writ of certiorari is a remedial and revisory writ issued by a superior to an inferior tribunal or court or body, to revise the proceedings of the inferior court or body, and goes to the external regularity of the proceedings of such inferior court or body. If it appears from the face of the record that the court or body had jurisdiction of the subject matter and the person, the inquiry ends. Nashville, C. & St. L. Ry. Co. v. Town of Boaz et al., 226 Ala. 441, 147 So. 195.

■ The petitioner here having actively invoked the jurisdiction of the circuit court to hear and determine her case, she will not be allowed to question the jurisdiction of that court in the proceeding. Tygh v. Dolan, 95 Ala. 269, 271, 10 So. 837; Hamilton v. Watson, 215 Ala. 550, 112 So. 115.

■ The question here argued by the petitioner—the constitutionality of the act creating the inferior civil court of Mobile—was not raised in that court or in the circuit court; hence was not a question presented on the record. From the record before us, it appears that the case has not been disposed of, but is still pending in the circuit court.

The writ of certiorari to the Court of Appeals is therefore denied.

Writ denied.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.