89 So.2d 532

**In re WESTERN GRAIN COMPANY, Inc.**

**6 Div. 773, 785, 792.**

Supreme Court of Alabama.

June 21, 1956.

Rehearing Denied Sept. 13, 1956.

J. P. Mudd, Birmingham, for Western Grain Co.

White, Bradley, Arant, All & Rose, Birmingham, for Edward Wilkinson, Jr.

PER CURIAM.

Ex parte Western Grain Company, Incorporated, which is docketed in this court as 6 Div. 773, is a petition to the Supreme Court of Alabama for a writ of mandamus, supersedeas or other remedial writ. A rule nisi was issued to Judge Eugene Hawkins on July 12, 1954, to set aside, vacate and

annul an order made by him on July 9, 1954, or to show cause why he should not set aside, vacate and annul the order. The order was made on application for a temporary injunction in case No. 95012, pending in the Circuit Court of the Tenth Judicial Circuit of Alabama, in Equity. The order sought to be set aside, set the hearing for a temporary injunction on Monday, September 13, 1954. See § 1054, Title 7 Code of 1940.

On August 2, 1954, Judge Hawkins vacated and annulled the order of July 9, 1954, as an alternative compliance with the rule. The petition filed here has, therefore, become moot and requires no further consideration.

Petition dismissed.

### 6 Div. 785

6 Div. 785 is an appeal by Western Grain Company, Incorporated, from the order of July 9, 1954, referred to in the opinion relating to 6 Div. 773. Since this order was set aside and the matter involved has become moot, this appeal is dismissed.

Appeal dismissed.

### 6 Div. 792

6 Div. 792 is an appeal by Edward Wilkinson, Jr., as Executor, etc., under the will of Edward Wilkinson, deceased, and individually from the decree of August 2, 1954, referred to in the opinion in 6 Div. 773, with a petition for the alternative writ of mandamus. The position of the appellant appears to be that the order of August 2, 1954, was not a hearing and that he has been precluded from having a hearing on the bill filed in case No. 95012 in the Circuit Court of the Tenth Judicial Circuit of Alabama, in Equity. The purpose of the bill in substance is to enjoin the officers and directors of the Western Grain Company, Incorporated, from improvidently and wastefully spending the money of the company in making capital improvements.

It is quite true that on presentation of an application for a temporary injunction the appellant is entitled as a matter of statutory right to have the application set down for hearing within ten days under § 1054, Title 7 Code of 1940, or to have the application granted or refused and an appropriate notation made on the bill. In the present case the Chief Justice of this Court issued a rule nisi to Judge Hawkins to vacate, annul and set aside the decree entered by him on July 9, 1954, setting the case for hearing on Monday, September 13, 1954, or show cause why this should not be done. The rule was issued because under the provisions of § 1054, Title 7, supra, the hearing was set for more than ten days from the date of the application for the injunction. Judge Hawkins as a compliance with the alternative rule on August 2, 1954, vacated his order of July 9, 1954, setting the case for hearing on September 13, 1954. But although the appellant takes the position that the decree of August 2, 1954 precludes a hearing on the merits of his bill, we do not see why or how it should be so considered. The decree of August 2, 1954, certainly does not say so. It is our understanding that the decree of August 2, 1954, does not preclude the appellant from proceeding with the trial of the case No. 95012 in the circuit court. The present appeal is taken from an order which will not support an appeal. It is not a final decree because it does not settle the equities between the parties. O'Rear v. O'Rear, 227 Ala. 403, 150 So. 502. Nor is it otherwise authorized by statute. Wood v. Finney, 207 Ala. 160, 92 So. 264. The petition for mandamus to vacate the decree of August 2, 1954, will be denied as we do not consider such an order to be void. A sufficient reason is that it was made under mandate from this court.

Appeal dismissed and writ denied.

All the Justices concur.