117 So.2d 157

STATE of Alabama ex rel. John PATTER-
SON, Attorney General,

v.

I. S. O'DELL et al.

7 Div. 405.

Supreme Court of Alabama.

June 25, 1959.

Done this the 8th day of April, 1958.
    ROBERT B. HARWOOD,
    PRESIDING JUDGE, COURT OF
    APPEALS, STATE OF ALABAMA
    ANNIE LOLA PRICE
    JUDGE, COURT OF APPEALS
    AUBREY M. CATES, JR.
    JUDGE, COURT OF APPEALS

S. Palmer Keith, Jr., Birmingham, Wallace L. Johnson, Mobile, and Knox, Jones, Woolf & Merrill, Anniston, for petitioner.

John Patterson, Atty. Gen., Robt. P. Bradley, Asst. Atty. Gen., and Guy Sparks, Special Asst. Atty. Gen., opposed.

**4**

LAWSON, Justice.

We granted certiorari to review the order entered in the Court of Appeals on April 8, 1958, enjoining I. S. O'Dell and others " * * * from making and entering into any contract or agreement, oral or written, whereby the rate of interest upon the loan or forbearance on money, goods, or things in action exceeds the rate of $6 upon $100 for one year, or whereby the rate of interest by written contract exceeds the sum of $8 upon $100 for one year, or exceeds that rate for a greater or lesser sum or for a longer or shorter time; * * *."

The history of the litigation is as hereafter summarized.

On December 9, 1957, a bill was filed in the Circuit Court of Calhoun County, in Equity, by the State of Alabama, on the relation of its then Attorney General, John Patterson, against I. S. O'Dell and numer-

ous other respondents, some natural and others corporate. Simply stated, so far as here pertinent, the prayer of the bill is for injunction, temporary and permanent, against respondents, and each of them, enjoining them, and each of them, from continuing in the "loan shark business," to use the language of the bill, on the ground that the manner in which such businesses are conducted constitutes a public nuisance.

When the bill was presented to Judge Longshore he entered an order setting January 14, 1958, as the day for hearing the application for temporary injunction. At the request of the State, this hearing was not held on January 14, 1958. The hearing was continued until February 20, 1958. The State caused a number of persons to be summoned as witnesses for the hearing on February 20, 1958, but there was no hearing on that date on the State's application for temporary injunction, although the Attorney General and his Special Assistant implored the court to proceed with such hearing.

Instead, over the State's protests, the court heard arguments in regard to demurrers which the respondents had filed previously. At the conclusion of the argument on the demurrers the court stated:

" * * * I am going to take the submission on demurrer, and I am going to take some time to study the matter; but, rather than to leave here without some understanding, I am going to pass it over until Thursday, April the 3d, and with the idea that at that time the case will be tried; and I have the rest of that week and all of the next week open; and so, after I have made up my mind about the case, I will let you, gentlemen, know; and, as I have said, I have made no decision yet as to whether, if the demurrers are overruled, whether I will actually make the ruling or go ahead with the injunction, * * *."

On March 6, 1958, Judge Longshore, before whom the demurrers had been argued,

caused the following statement and decree to be entered:

"At the time the demurrers of the respondents to the bill of complaint in this cause were argued, the State of Alabama requested that I withhold a ruling on the demurrers until I had heard the evidence. After a careful consideration of this request I have concluded that, in justice to all parties concerned, I should rule on the demurrers at this time. If I were sure in my own mind that the bill of complaint was good, I probably would have been willing to reserve my ruling on the pleadings until the case had been completed. However, after hearing a full day of argument on the pleading, I have serious doubts as to whether the bill of complaint is good as against the demurrers assigned to it. For this reason I feel that the respondents should be given an opportunity to test the sufficiency of the bill of complaint in the Supreme Court of Alabama, if they so desire, before being forced into a long and extended hearing of the evidence. Consequently I am entering the following decree in this case:

"Decree

"This cause is submitted for decree upon the demurrer to the bill of complaint as last amended in this cause, and separately to the separate aspects thereof set out as grounds 104 through 112, inclusive, of said demurrer, filed by respondents I. S. O'Dell, [names of other respondents], separately and severally.

"And the same being argued by counsel for both sides, the court is of the opinion that said demurrer is not well taken, either as to the bill of complaint as last amended, or as to any aspect thereof: It is, therefore,

"*Ordered, Adjudged* and *Decreed* by the court, That said demurrer be, and the same is hereby, overruled.

"Said respondents are allowed fifteen days from the date hereof to answer said bill of complaint.

"Done this 6th day of March, 1958."

On March 14, 1958, I. S. O'Dell and the other respondents mentioned in the decree quoted above appealed to this court from that decree and on March 24, 1958, said cause was duly entered on the dockets of this court as a pending case and was designated as 7 Div. 400. It was argued and submitted in this court on January 13, 1959. We are this day entering a decree affirming the decree of the trial court. See O'Dell v. State of Alabama ex rel. Patterson, Ala., 117 So.2d 164.

Thereafter on April 8, 1958, the State of Alabama applied to the judges of the Court of Appeals for a temporary injunction as prayed for in the bill of complaint filed in the circuit court. On the same day, without notice to I. S. O'Dell or to any of the other persons who were respondents in the equity court, an order was entered in the Court of Appeals, a part of which is quoted at the beginning of this opinion. The entire order will be set out in the report of the case.

On April 14, 1958, I. S. O'Dell and the other persons affected by the writs of injunction issued out of the Court of Appeals filed a motion in the Court of Appeals asking that court to set aside and vacate its order or decree of April 8, 1958, on the ground that it was without jurisdiction in the premises for several reasons not here necessary to delineate. The Court of Appeals promptly denied the motion to set aside and vacate in an opinion which reads [117 So.2d 156]:

"Per Curiam.

"Under code 1940, T. 7, § 1038, this court is given general injunctive powers. Under § 1045, we do not consider the authority in us to issue temporary injunctions is conditioned upon a prior refusal thereof by a nisi prius judge. If, however, we be mistaken

in this view, nevertheless on the record before us we consider the trial court's action as being tantamount to a refusal of the Attorney General's application.

"The trial judge failed to employ the alternate procedure under § 1054, et seq.

"Since the lower court overruled demurrers to the bill and this order is the subject of an appeal to the Supreme Court, we do not consider our action as interference with that court because our order for a temporary injunction was directed toward compelling a compliance with the laws of this state relating to usury insofar as the failure to abide by such laws amounts to a public nuisance, 4A C.J. S. Appeal and Error §§ 608 and 609.

"Accordingly the respondents' motion to set aside and vacate our order of April 8, 1958, providing for a temporary injunction is hereby denied.

"Motion denied."

On the next day, April 15, 1958, I. S. O'Dell and the other persons affected by the order of April 8, 1958, to which we have alluded, filed in this court their "petition for writ of mandamus, or writ of certiorari, or other remedial writ," wherein they asserted that the Court of Appeals was without jurisdiction to order the issuance of the injunctions and that such order was, therefore, void.

We ordered the issuance of a writ of certiorari to the Court of Appeals on April 17, 1958, and stayed the operation of the writs of injunction issued by that court upon execution of bond by the petitioners in this court.

The cause was argued and submitted here on May 26, 1958. It has not been disposed of prior to this time for the reason that we felt it advisable to await the submission of 7 Div. 400, the appeal from the decree overruling the demurrers to the bill for injunction.

■ We conceived it to be our duty under the provisions of § 140 of the Constitution to issue the writ of certiorari in order to determine the question of the jurisdiction of the Court of Appeals to issue the writs of injunction. Section 140 of the Constitution provides in part: " * * * provided, that the supreme court shall have power to issue writs of injunction, habeas corpus, quo warranto, and such other remedial and original writs as may be necessary to give it a general superintendence and control of inferior jurisdictions." Ex parte Louisville & N. R. Co., 176 Ala. 631, 58 So. 315.

Section 89, Title 13, Code 1940, provides:

"The said court of appeals shall have and exercise original jurisdiction in the issuance and determination of writs of quo warranto and mandamus in relation to matters in which said court has appellate jurisdiction. *It shall have authority to issue writs of injunction, habeas corpus and such other remedial and original writs as are necessary to give it a general superintendence and control of jurisdiction inferior to it and in matters over which it has final appellate jurisdiction*; to establish rules of practice in such court; to punish for contempts by the infliction of a fine as high as one hundred dollars, and imprisonment not exceeding ten days, one or both, and to exercise such other powers as may be given to such court by law." (Emphasis supplied)

■ The Court of Appeals has no appellate jurisdiction in cases involving injunctions. See Taylor v. Shoemaker, 34 Ala.App. 168, 38 So.2d 895, certiorari denied 251 Ala. 601, 38 So.2d 900. Since the Court of Appeals does not have appellate jurisdiction in injunction matters, the provisions of § 89, Title 13, supra, cannot be said to give to the Court of Appeals authority to order the issuance of the injunctions with which we are presently concerned.

**7**

We are aware of no other statutory provision which gives to the Court of Appeals, as distinguished from the judges of that court, the right to issue writs of injunction.

Section 91, Title 13, Code 1940, gives to the judges of that court the authority to issue writs of injunction "subject to the limitations prescribed by law," which includes the limitations provided in § 89, Title 13, supra. The provisions of § 91, Title 13, supra, and those of § 89, Title 13, supra, were parts of the act which created the Court of Appeals. Act No. 121, approved March 9, 1911, General Acts 1911, p. 95. Those sections should be considered and construed together.

Sections 1038 and 1045, Chapter 28, Title 7, Code 1940, read:

"§ 1038. Injunctions may be granted, returnable into any of the circuit courts in this state, by the judges of the supreme court, court of appeals, and circuit courts, and judges of courts of like jurisdiction.

\* \* \* \* \* \*

"§ 1045. If any application is made to a circuit judge or judge of like jurisdiction, for an injunction, and refused, no other circuit judge, or judge of like jurisdiction, can act on the application. The application may be made to a judge of the court of appeals or supreme court; if refused by a judge of the court of appeals, it may be renewed to a judge of the supreme court, but no other officer; and, if refused by a judge of the supreme court, cannot be renewed."

■ The Court of Appeals in its per curiam opinion written in connection with its denial of the motion to vacate and set aside the order of April 8, 1958, said [117 So.2d 157]: "Under code 1940, T. 7, § 1038, this court is given general injunctive powers." That section does not confer any power upon the Court of Appeals and the authority thereby conferred on the judges of the Court of Appeals is limited by the provisions of § 1046, Title 7, which reads:

"No application must be made to a judge of the supreme court for an injunction, or other equitable process which may be granted by any other judge or officer unless the same has been made to such other judge or officer, and refused by him."

■ True, the judges of the Court of Appeals are not mentioned in § 1046, Title 7, supra, but it is inconceivable that the Legislature intended for the judges of the Court of Appeals, which court does not even have appellate jurisdiction in injunction cases, to have the authority to issue injunctions in the same manner as would a judge of a nisi prius court, while the judges of this court have no such authority. The references to the judges of the Court of Appeals were inserted in the statutes now designated as §§ 1038 and 1045, Title 7, Code 1940, by the 1923 Code Commissioner. But those words were omitted from the provisions now codified as § 1046, Title 7, Code 1940. In our opinion the omission was inadvertent. We hold that the words "judge of supreme court" as used in § 1046, Title 7, Code 1940, must be construed as including a judge of the Court of Appeals. Any other construction would lead to a most unreasonable and illogical result.

We are in complete disagreement with the construction placed on § 1045, Title 7, in the per curiam opinion of April 14, 1958, which we have heretofore set out. That section has consistently been interpreted by the members of this court as limiting our authority to issue temporary injunctions to those instances where there has been a prior refusal of injunction by a nisi prius judge. There is nothing in the language of that section which would justify a different conclusion insofar as the judges of the Court of Appeals are concerned.

We are likewise in disagreement with the conclusion reached by the Court of Appeals to the effect that Judge Longshore's

action was tantamount to a refusal of the State's application for a temporary injunction. Judge Longshore has never endorsed his refusal on the bill and § 1047, Title 7, Code 1940, provides: "When an application for an injunction is refused, the officer to whom the same is made must endorse his refusal on the bill and sign his name thereto."

 We are constrained to observe that the State was entitled to a hearing on its application for a temporary injunction within the time prescribed by the applicable statute (§ 1054, Title 7, Code 1940) or a refusal properly endorsed on the bill. § 1047, Title 7, supra. The remedy which the State should have pursued was an application in this court for a writ of mandamus to Judge Longshore. See In re Western Grain Co., 265 Ala. 111, 89 So.2d 532. There was another remedy available to the State. If it was dissatisfied with Judge Longshore's action in ordering a hearing on the application for temporary injunction, it could have renewed its application to a judge of this court instead of further pressing its application before Judge Longshore, as provided in § 1060, Title 7, Code 1940. Alabama Power Co. v. City of Scottsboro, 238 Ala. 230, 190 So. 412.

As we have heretofore observed, the order of April 8, 1958, appears to us to have been court action as distinguished from an action of the judges of the court. However it is our view that the order was void whether it be considered court action or judge action for the reason that neither the Court of Appeals nor any of its judges, under the applicable statutory provisions, had authority to order the issuance of the injunctions. The Court of Appeals, being a statutory court, of course has no inherent authority to order the issuance of a writ of injunction under the circumstances here prevailing. See Ex parte Wilkey, 233 Ala. 375, 172 So. 111.

The views which we have expressed make it unnecessary for us to consider the insistence of petitioners to the effect that the Court of Appeals and the judges thereof were without authority to order the injunctions issued because the ruling on the demurrers had been appealed to this court.

We hold that the order of April 8, 1958, was void for the reasons heretofore discussed. It follows that the writs of injunction issued in pursuance to that order are likewise invalid. A decree will be here rendered to such effect.

Writs of injunction issued by Court of Appeals on April 8, 1958, vacated set aside and held for nought.

LIVINGSTON, C. J., and SIMPSON, STAKELY and GOODWYN, JJ., concur.

COLEMAN, J., concurs in the result.