274 So.2d 637

In re The UNITED STATES PIPE AND FOUNDRY COMPANY, a corporation, Plaintiff,

v.

LOCAL 7918 UNITED MINE WORKERS OF AMERICA et al., Respondents.

Ex parte Dorman MUSGROVE, Jr., et al.

6 Div. 301.

Court of Criminal Appeals of Alabama.

July 21, 1971.

Rehearing Denied Aug. 17, 1971.

---

Cooper, Mitch & Crawford, Birmingham,
George B. Azar, Montgomery, for petition-
ers.

H. Gerald Reynolds, Charles W. Mat-
thews, Birmingham, for U. S. Pipe and
Foundry Co.

## ON REHEARING

ALMON, Judge.

On July 12, 1971 petitioners were ad-
judged in contempt of court by the Hon.
William C. Barber, Judge of the Circuit
Court for the Tenth Judicial Circuit, and
sentenced to serve five days imprisonment
in the Jefferson County Jail commencing
at 4:00 P.M. that same day.

Petitioners were adjudged in contempt
for violation of an injunction issued by the
court on September 8, 1970.

■ At approximately 3:30 P.M. on
July 12, 1971 this Court was presented
with a petition for a writ of certiorari
seeking a review of Judge Barber's order
of contempt. Some several minutes before
4:00 P.M. of the same day this Court or-
dered the issuance of a writ of certiorari
and further ordered a stay of imprison-
ment pending review by this Court. We
are not judicially informed of the exact
time the petitioners were actually incarcer-
ated. The remedy for review of contempt
proceedings is by certiorari if the party in
contempt is not in jail and by habeas cor-
pus if such party is in jail. Wetzel v. Bes-
semer Bar Association, 242 Ala. 164, 5 So.
2d 722.

After further consideration of this cause
on rehearing I have come to the conclusion
that this Court was without jurisdiction to
issue the writ of certiorari.

The jurisdiction of this Court is con-
trolled by statute. Act No. 987, Acts of
Alabama 1969, p. 1744 now codified in Ti-
tle 13, § 111(1)–111(33), 1958 Recompiled
Code, so far as jurisdiction of this Court is
concerned provides as Follows:

"§ 111(2). The court of criminal ap-
peals shall have exclusive appellate juris-
diction of all misdemeanors, including
the violation of town and city ordi-

nances, bastardy, habeas corpus and all felonies, including all post conviction writs in criminal cases."

"§ 111(4). Each of the said courts of appeals shall have and exercise original jurisdiction in the issuance and determination of writs of quo warranto and mandamus *in relation to matters in which said court has appellate jurisdiction.* Each court shall have authority to issue writs of injunction, habeas corpus and such other remedial and original writs as are necessary to give it a general superintendence and control of jurisdiction inferior to it and *in matters over which it has exclusive appellate jurisdiction*; to establish rules of practice in such court; to punish for contempts by the infliction of a fine as high as one hundred dollars, and imprisonment not exceeding ten days, one or both, and to exercise such other powers as may be given to such court by law." (Italics added.)

"§ 111(6). The judges of said courts shall each have authority to issue writs of certiorari and supersedeas to all inferior courts, and writs of injunction, subject to the limitations prescribed by law."

From a reading of these statutes and particularly the italicized portions of § 111(4), it seems clear to me that the legislature intended for this Court to have general superintendence over inferior jurisdictions where the cause before that inferior jurisdiction was one that if it were appealed, this Court would have exclusive appellate jurisdiction. This Court does not have any appellate jurisdiction of equitable matters.

■■■■ A contempt proceeding growing out of an original cause should be reviewed by the appropriate court which has appellate jurisdiction of the original cause. To state it another way, if a contempt arose out of a domestic relations case review should be in the Court of Civil Appeals; if a contempt arose out of an equity case other than domestic relations it should be reviewed in the Supreme Court; and if a contempt arose out of a criminal case, then review whether by certiorari or habeas corpus should be in this Court. It is my view that the legislature intended this result. Such a construction is also very logical and any other would tend to confuse the law and make appellate review even more difficult for the practicing attorney. Admittedly, there are some few cases contrary to this view such as Robertson v. State, 20 Ala.App. 514, 104 So. 561. The *Robertson* case was not reviewed by our Supreme Court.

So far as I have been able to ascertain the only occasion our Supreme Court has had to speak on this subject was in State ex rel., Patterson v. O'Dell, 270 Ala. 1, 117 So.2d 157. In *O'Dell* it was held that the Court of Appeals, had no appellate jurisdiction in cases involving injunctions and hence provisions of statute giving the Court of Appeals necessary authority to issue writs of injunction and such other remedial and original writs as are necessary to give general superintendent control of jurisdictions inferior to it did not give the Court of Appeals authority to issue a temporary writ of injunction.

As an additional reason for concluding that this Court was without jurisdiction, our prior order of July 12, 1971 was based on a petition of which the respondent had no notice. It appears from Waltman v. Ortman, 233 Ala. 170, 170 So. 545 that this Court had no jurisdiction of the person of the respondent.

Application for rehearing granted.

Petition dismissed.

CATES, Judge.

Because of Waltman v. Ortman, supra, I concur.

PRICE, P. J., not sitting.

## ON PETITIONER'S APPLICATION FOR REHEARING

ALMON, Judge.

I am at liberty to say that PRICE, P. J., concurs in my view contained in the opinion on prior deliverance.

Petitioner's application overruled.