We granted certiorari in this case to determine whether the Court of Criminal Appeals erred when it granted Eldon Sharpe's writ of mandamus and dismissed the indictments against him.
On April 21, 1986, Sharpe, the Judge of Probate of Tallapoosa County, was indicted by the Tallapoosa County Grand Jury. He filed with the circuit court a motion to dismiss the indictments, alleging that the indictments had been returned by a special session of the 1986 grand jury that had not been authorized by law. The circuit judge, Robert M. Parker, denied the motion.[1]
Immediately thereafter, Sharpe filed with the Court of Criminal Appeals a petition for a writ of mandamus, 492 So.2d 675, which that court granted, ordering that the indictments be dismissed. The State of Alabama then filed a petition for a writ of certiorari with this Court, which we granted.
We are of the opinion that, since Sharpe did not comply with the requirements set forth in Rule 21, A.R.App.P. the writ should not have been granted. Rule 21 provides:
Rule 21
 Writs of mandamus and prohibition directed to a judge or judges and other extraordinary writs.
 (a) Mandamus or prohibition to a judge or judges; petition for writ; service and filing. Application for a writ of mandamus or of prohibition directed to a judge or judges shall be made by filing a petition therefor with the clerk of the appellate court having jurisdiction thereof with certificate of service on the respondent judge or judges and on all parties to the action in the trial court. . . .
 (b) Denial; order directing answer. If the court is of the opinion that the writ should not be granted, it shall deny the *Page 610 
petition. Otherwise, it shall order that an answer to the petition be filed by the respondents within the time fixed by the order. . . .
First, with regard to service of process, it is undisputed that the respondent circuit judge was never served with a copy of the petition. Moreover, the State was notified by telephone at 4:30 p.m. on April 21, 1986, that a mandamus petition would be filed against Judge Parker the next morning and that the hearing on that petition would be held that next morning. The State had no knowledge of the contents of the petition until its attorney was handed a copy of the petition a few minutes before the hearing. On April 23, 1986, Judge Parker was informed that a petition for a writ of mandamus had been filed against him and had been granted by the Court of Criminal Appeals the day before, but he still had not been served with a copy of the petition.
It is clear to this Court that the requirements for service of process contained in Rule 21(a), A.R.App.P., were not complied with in the least by Sharpe. The petition contained no certificate of service, Judge Parker was never served, and the so-called service on the State was not the kind of service intended by the Rule. Furthermore, this Court has stated, in a case similar to this one, that the Court of Appeals should have dismissed a petition for want of jurisdiction over the person where a certiorari proceeding was submitted to that court without notice to one of the parties. See Waltman v. Ortman,233 Ala. 170, 170 So. 545 (1936).
The Court of Criminal Appeals also erred in this case when it granted the writ without first ordering that "an answer to the petition be filed by the respondents," as is mandated in Rule 21(b), A.R.App.P. Furthermore, an answer in a mandamus proceeding is very important, as is evidenced by this Court's holding that uncontroverted averments of fact stated in an answer should be taken as true. See Ex parte Helbling, 278 Ala. 234, 117 So.2d 454 (1965); Ex parte Waldrop, 228 Ala. 38,152 So. 44 (1934).
Therefore, since neither Sharpe nor the Court of Criminal Appeals complied with the directives of Rule 21, the judgment of the Court of Criminal Appeals is reversed and the cause remanded to that court.
REVERSED AND REMANDED.*
TORBERT, C.J., and MADDOX, JONES, SHORES, BEATTY, ADAMS, HOUSTON and STEAGALL, JJ., concur.
[1] Judge Parker presided over this case by special appointment of the Chief Justice of this Court.
* [Reporter's note: On September 28, 1987, on motion of the petitioner, the Court of Criminal Appeals dismissed the petition for writ of mandamus.]