PER CURIAM.
The petitioner, Rex David Norris, filed this petition for a writ of mandamus directing Judge Charles E. Robinson, Sr., to rescind his order directing the Alabama Department of Corrections to withhold 50% of all moneys deposited by Norris in his inmate account until the filing fee for his postconviction petition has been collected.
This petition must be stricken because Norris failed to sign the mandamus petition filed in this Court. Rule 21(a), Ala.R.App.P., addresses the filing of a mandamus petition in an appellate court; that rule states, in part:
“(a) Mandamus or Prohibition to a Judge or Judges; Petition for Writ; Service and Filing; Time for Filing. Application for a writ of mandamus or of prohibition directed to a judge or judges shall be made by filing a petition therefor with the clerk of the appellate court having jurisdiction thereof with certificate of service on the respondent judge or judges and on all parties to the action in the trial court.”
See also § 6-6-640(a), Ala.Code 1975.[1]
Rule 81, Ala.R.Civ.P., states those actions to which the Rules of Civil Procedure are applicable and provides, in part:
“(a) Proceedings Controlled by Statute. In the following proceedings, these rules shall be applicable to the extent *635 that the practice in such matters is not provided by statute:
“(19) Mandamus, prohibition, certio-rari and other remedial writs of a supervisory nature.”
A mandamus petition filed pursuant to Rule 21, Ala.R.App.P., is governed by the Rules of Civil Procedure. Norris did not sign his mandamus petition. Rule 11, Ala. R.Civ.P., specifically states that all papers filed with a court must be signed. Rule 11, Ala.R.Civ.P., provides:
“Every pleading, motion, or other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney’s individual name, whose address shall be stated. A party who is not represented by an attorney shall sign the pleading, motion, or other paper, and state the party’s address. Except when otherwise specifically provided by rule or statute, pleadings, motions or other papers need not be verified or accompanied by affidavit. The rule in equity that the averments of an answer under oath must be overcome by the testimony of two witnesses or of one witness sustained by corroborating circumstances is abolished. The signature of an attorney constitutes a certifí-cate by the attorney that the attorney has read the pleading, motion, or other paper; that to the best of the attorney’s knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a pleading, motion, or other paper is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the pleading, motion, or other paper had not been served. For a wilful violation of this rule an attorney may be subjected to appropriate disciplinary action. Similar action may be taken if scandalous or indecent matter is inserted.”
See also Federal Rules of Appellate Procedure with Eleventh Circuit Rules and Internal Operating Procedures, Title VII, 11th Cir. R. 25-4 (West Deskbook 2003) (“All papers filed, including motions and briefs, must contain the name, office address, and telephone number of an attorney or a party proceeding pro se, and be signed by an attorney or by a party proceeding pro se. Inmate filings must be signed by the inmate and should contain name, prisoner number, institution, and street address.”).
This signature requirement takes on added significance in this case because the petition is the only document before this Court. Allegations made in a mandamus petition are taken as true unless they are refuted in a respondent’s answer. See Ex parte Sharpe, 513 So.2d 609 (Ala.1987).
For the foregoing reasons, the petition filed with this Court is stricken.
PETITION STRICKEN.
McMILLAN, P.J., and COBB, BASCHAB, SHAW, and WISE, JJ., concur.

. The Alabama Supreme Court has specifically held that the verification-by-affidavit requirement for mandamus petitions filed pursuant to § 6-6-640, Ala.Code 1975, does not apply to mandamus petitions filed in an appellate court pursuant to Rule 21, Ala. R.App.P. See Ex parte Ackles, 840 So.2d 145 (Ala.2002), and Ex parte Johnson, 485 So.2d 1098 (Ala.1986).